OPINION OF THE COURT
Chief Judge Breitel.
Petitioner Reilly, a former associate attorney in the Office of the Counsel of the State Department of Environmental Conservation, seeks restoration to his abolished position and back pay. In this proceeding under CPLR article 78 he alleges that the abolition of his position by respondents, the department and its commissioner, was illegal. Special Term denied respondents’ motion to dismiss the petition on res judicata grounds, but the Appellate Division unanimously reversed and dismissed. Petitioner appeals.
In an earlier petition, Reilly unsuccessfully contended that upon abolition of his position he was entitled, under section 80 of the Civil Service Law, to be appointed to a similar position in the same office. The issue presented, therefore, is whether final adjudication of the earlier proceeding is a bar, under principles of res judicata, to the present proceeding.
There should be an affirmance. In the earlier proceeding, petitioner alleged the same foundation facts and pressed for relief nearly identical to that requested in this proceeding. The final adjudication reached in the earlier proceeding must, under principles of res judicata, or, more precisely, claim preclusion, bar the cause of action now asserted.
Petitioner’s position as associate attorney in the competitive class of the civil service was abolished, ostensibly for budgetary reasons, as of January 29, 1976. In accordance with the Civil Service Law, petitioner was offered a chance to displace an incumbent from the next lower competitive position in the office, the position of senior attorney (Civil Service Law, § 80, subd 6). He declined the offer, and instead, brought his first proceeding seeking appointment to a noncompetitive or exempt position claimed to be the same as or similar to the *27 abolished competitive position (Civil Service Law, § 80, subd 1). That proceeding was eventually dismissed on the ground that his competitive position was not, as a matter of law, similar to the exempt or noncompetitive positions sought (Matter of Reilly v Reid, 55 AD2d 975, mot for lv to app den 41 NY2d 806). No issue was expressly tendered or resolved whether the abolition of petitioner’s position was valid. It was assumed.
While the first proceeding was pending, petitioner brought the instant proceeding, contending for the first time that abolition of his position was illegal and seeking restoration to the abolished position with back pay. The petition alleges that the "position has not been, abolished, but the duties have merely been reassigned” to the noncompetitive or exempt positions, and that the abolition was "arbitrary, capricious, an abuse of discretion and contrary to the law of the State of New York.”
Special Term denied respondents’ motion to dismiss, holding that the legality of the abolition of petitioner’s position was "not material” to determining his rights upon abolition. The Appellate Division reversed, finding identity of issues in the two proceedings, and holding the proceeding barred "by the principles of res judicata and collateral estoppel”.
The doctrine of res judicata embraces many concepts, and the differences among the concepts, it has been said, are often confused (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.08). This case involves, principally, questions of claim preclusion, that is, in more traditional terms, whether petitioner’s present claim, as distinguished from discrete issues previously litigated, is barred by final adjudication against him in the prior proceeding (see, generally, Matter of American Ins. Co. [Messinger], 43 NY2d 184, 189, n 2).
It is blackletter law that a valid final judgment bars future actions between the same parties on the "same cause of action” (see, e.g., 50 CJS, Judgments, § 598). The difficulty arises in determining when a second action involves the same cause of action as an earlier one (Perry v Dickerson, 85 NY 345, 348). Many definitional verbalizations have been attempted, none with complete success. For instance, in Secor v Sturgis (16 NY 548, 558) it was said that "[t]he true distinction between demands or rights of action which are single and entire, and those which are several and distinct is, that the *28 former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts.”
In Schuylkill Fuel Corp. v Nieberg Realty Corp. (250 NY 304, 306-307) Chief Judge Cardozo stated the formulation as: "A judgment in one action is conclusive in a later one * * * when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first”. But even this formulation, now a classic, does not solve the more subtle situations which arise. For one thing, the formulation defines a consequential test, rather than the premise which leads to the consequence.
The nub of the problem is that the policy bases for res judicata, in the sense of claim preclusion, do not permit easy definition of the "same cause of action”, a term which, as will be seen, is not one of single meaning in the practice.
Res judicata is designed to provide finality in the resolution of disputes to assure that parties may not be vexed by further litigation (see Matter of New York State Labor Relations Bd. v Holland Laundry, 294 NY 480, 493-494; Weiner v Greyhound Bus Lines, 55 AD2d 189, 191). The policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts (see Deposit Bank v Frankfort, 191 US 499, 510-511; Kiker v Hefner, 409 F2d 1067, 1068-1069). Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation. Afterthoughts or after discoveries however understandable and morally forgivable are generally not enough to create a right to litigate anew.
These strong policy bases, however, if applied too rigidly, could work considerable injustice. In properly seeking to deny a litigant two "days in court”, courts must be careful not to deprive him of one (cf. Commissioners of State Ins. Fund v Low, 3 NY2d 590, 595). Thus, claim preclusion is tempered by recognition that two or more different and distinct claims or causes of action may often arise out of a course of dealing between the same parties, even though it is not, except in refined legal analysis, easy to say that a different gravamen is factually involved (see, e.g., Smith v Kirkpatrick, 305 NY 66). A party’s choice to litigate two such claims or causes of action *29 separately does not bar his assertion of the second claim or cause of action (see Secor v Sturgis, 16 NY 548, 554, supra).
A "cause of action” may denote one of several separately stated claims in a pleading based on the same congeries of facts but related to different legal theories of recovery. A "cause of action” may also denote a separately stated claim on the same congeries of facts, but for different legal relief. But even if there are variations in the facts alleged, or different relief is sought, the separately stated "causes of action” may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought. In the sense of res judicata or claim preclusion, although there may be separately stated or statable causes of action, they are nevertheless based on the "same cause of action”, to which the consequential test defined in the Schuylkill case (supra) applies. Nor will differences in legal theory generally avail to permit relitigation of claims based on the same gravamen (see Matter of Gowan v Tully, 45 NY2d 32, 36, decided herewith).
Section 61 of Restatement of Judgments, Second (Tent Draft No. 1, 1973), exemplifies the trend away from rigid formulations. It provides:
"§ 61. Dimensions of 'Claim’ for Purposes of Merger or Bar —General Rule Concerning 'Splitting’
"(1) When a valid and final judgment rendered in an action extinguishes the plaintiff’s claim pursuant to the rules of merger or bar [citations omitted], the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
"(2) What factual grouping constitutes a 'transaction’, and what groupings constitute a 'series’, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations or business understanding or usage.”
Thus, no single definitional formulation is always determinative. This does not mean, however, that the principles are to be applied on a case-by-case basis. It does mean that there are varying categories of cases, categories which are recognized as in the rules used and suggested in the Restatement in determining "factuál groupings”.
*30 The approach of the Second Restatement is in accord with New York law, and indicates affirmance in this case. Each proceeding brought by petitioner arose out of the same act of respondents alleged to be wrongful, namely, abolition of his position. Each petition sought the same basic relief: restoration to his original duties. True, in the first proceeding, petitioner sought a different position to which he claimed his duties had been transferred, while in the present proceeding he seeks restoration to his old position. True, in the first proceeding, petitioner relied on section 80 of the Civil Service Law, while in the present petition the allegations of illegality are more general and amorphous. But where the same foundation facts serve as a predicate for each proceeding, differences in legal theory and consequent remedy do not create a separate cause of action (see City of Rye v Metropolitan Transp. Auth., 24 NY2d 627, 637; Eidelberg v Zellermayer, 5 AD2d 658, 663, affd 6 NY2d 815). The principle is made explicit in section 61.1 of Restatement of Judgments, Second (Tent Draft No. 1, 1973):
"§ 61.1 Exemplifications of General Rule Concerning Splitting
"The rule of § 61 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
"(a) To present evidence or grounds or theories of the case not presented in the first action, or
"(b) To seek remedies or forms of relief not demanded in the first action.”
 It is true that even when two successive actions arise out of the identical course of dealing, the second may not be barred, it has been said, if "[t]he requisite elements of proof and hence the evidence necessary to sustain recovery vary materially” (Smith v Kirkpatrick, 305 NY 66, 72, supra). That is not, however, the present situation. In each petition it is alleged that petitioner was wrongfully deprived of his duties. Whether that alleged wrong is rectified by restoring the dutes to petitioner’s old position or by transferring petitioner to a new position is of insufficient legal consequence. In either event, petitioner must establish that abolition of his position without transferring him to an equivalent position was in violation of law. The precise theory on which illegality of the action is predicated may be different, but that does not entitle petitioner to separate his claims (Eidelberg v Zellermayer, 5 *31 AD2d 658, 663, supra; Restatement, Judgments 2d [Tent Draft No. 1, 1973], § 61.1).
Petitioner’s situation is a far cry from that of plaintiff in the Smith case. Plaintiff in his first action sought an accounting for breach of a contract employing him, on a commission basis, to solicit business. In the alternative, he sought recovery as a joint venturer with defendant. Then, when his complaint was dismissed, largely on Statute of Frauds grounds, he sought recovery in quantum meruit only for the reasonable value of his services. Thus, in the Smith situation, the foundation facts or the "factual grouping” which constitutes a transaction, and the necessary evidence differed in the two actions (see Restatement, Judgments 2d [Tent Draft No. 1, 1973], § 61, subd [2]). In one, the proof would have centered on the "null” agreement itself; in the other, the null agreement would be ignored and the emphasis shifted to work actually performed. No comparable difference in proof would have appeared in petitioner Reilly’s two proceedings (see, also, Lipkind v Ward, 256 App Div 74, 78).
In sum, the essential identity of petitioner’s two causes of action requires invocation of the doctrine of claim preclusion. To conclude otherwise would be to afford petitioner a second opportunity to obtain substantially the same relief he was denied in the prior proceeding, based on the same actions of the respondents. This is precisely the type of repetitive litigation the doctrine of claim preclusion is designed to avoid.
Moreover, even if the petition were not barred by the doctrine of claim preclusion, further litigation between the parties regarding the legality of the abolition might arguably be foreclosed by the doctrine of collateral estoppel, or issue preclusion. One might reasonably conclude, even accepting petitioner’s verbalized distinctions between his two "causes of action”, that the first proceeding, seeking transfer to a new position, necessarily assumed the validity of the abolition of the old position (see Statter v Statter, 2 NY2d 668, 672). Of course, that issue need not be reached in this case, since, as discussed, the claim itself is precluded.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.