■ In the Matter of DOROTHY FORST, Appellant, v MICKEY WOHL et al., Constituting the Board of Education of the Mineola Union Free School District, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to her position as a teacher, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated June 2, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner, a tenured teacher, was placed on probation as a penalty for having participated in a teachers' strike. Respondents determined to terminate petitioner's employment at the close of her probationary term on October 12, 1977, and they informed her of that intention in June, 1977. By a petition dated September 16, 1977, petitioner commenced a proceeding, *inter alia,* seeking to annul respondents' determination to dismiss her. Petitioner essentially alleged that she was improperly placed on probation in that she was not given the required notification (see Civil Service Law, § 210, subd 2, par [e]). In a judgment dated January 24, 1978, Special Term, *inter alia,* granted respondents' motion to dismiss the petition. Petitioner then commenced the instant proceeding by which she seeks reinstatement to her position. She alleges that her record as a teacher does not provide any basis for her dismissal and that she is being dismissed in order to penalize her for striking. In our view the judgment in the prior proceeding bars petitioner from obtaining any relief in this proceeding (see *Matter of Reilly v Reid,* 45 NY2d 24). The relief sought in both proceedings is basically the same, namely, reinstatement of petitioner to her position. The factual foundation in both proceedings is the same. The proceedings are premised on the alleged improper determination by respondents to terminate petitioner's employment. Moreover, the issue petitioner raises in this proceeding could have been raised in the prior proceeding. The mere presentation of different legal theories does not create separate claims. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.

■ In the Matter of ROSE GOLD, Appellant, v BOARD OF EDUCATION OF THE COPAIGUE UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent to conduct a hearing with respect to the petitioner's physical condition other than in accordance with sections 3012 and 3020-a of the Education Law, the petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered September 25, 1978, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Respondent proceeded properly under section 511 of the Education Law. The hearing that the petitioner will have will satisfy her right to due process. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.