■ JOSHUA A. BECKER, M.D. & ASSOCIATES, P.C., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60434.)—Appeal by the claimant from an order of the Court of Claims, dated May 29, 1980, which (1) denied its motions for permission (a) to amend Claim No. 60434 and (b) to file an additional claim pursuant to subdivision 6 of section 10 of the Court of Claims Act, and (2) granted respondent's cross motion to dismiss Claim No. 60434 as barred by *res judicata.* Order affirmed, with $50 costs and disbursements. Claimant, a professional corporation of physicians, seeks damages arising out of a failure of the State to pay for radiological services rendered by its physician shareholders at Downstate Medical Center, a branch of the State University of New York (SUNY) from January 1, 1975 through December 31, 1979. By a previously filed claim, compensation had been sought for

services rendered by the professional corporation at the medical center in calendar year 1974. The Court of Claims granted judgment thereon in claimant's favor. Thereafter, the Appellate Division, Third Department, reversed *(Becker & Assoc. v State of New York,* 65 AD2d 65), and was affirmed by the Court of Appeals (48 NY2d 867). The prior, instant and proposed claims each have been based on a service relationship developed and maintained by the professional corporation and the medical center as a result of a 1969 agreement between SUNY and the shareholder physicians of the present corporation, who were then known under the partnership name of the Downstate Medical Group. Under Claim No. 59429, wherein recovery had been sought for only 1974, the Appellate Division stated (p 67) that the central issues in the case involved the 1969 agreement and the attempts by SUNY and the claimant "to adopt it as a contract between them and/or as legally representing the relationship between them." The Appellate Division, agreeing with the trial court, held (p 67): "It is undisputed upon this appeal that section 112 of the State Finance Law is applicable to the 1969 agreement and/or the relationship between the parties herein as a matter of contract. The finding by the trial court that the contract has never been approved by the Comptroller is supported by the record and precludes a recovery based on contract (see *Blatt Bowling & Billiard Corp. v State of New York,* 14 AD2d 144)." The trial court, however, invoked equitable considerations and awarded judgment to claimant for services rendered. The Appellate Division held (pp 67-68) that the trial court exceeded its jurisdiction by invoking equitable considerations, reversed the judgment of the Court of Claims, and dismissed the claim. In affirming, the Court of Appeals, in a memorandum decision, stated (p 869): "Insofar as appellant seeks to recover on a theory of money had and received, no claim therefor was properly asserted. We would note that we do not construe the decision in the Court of Claims as holding that the agreement allegedly entered in between the Downstate Medical Group and the State University of New York in 1969 was not approved by the State Comptroller. Rather, the court held that no agreement between appellant and the State University has been approved by the Comptroller (see State Finance Law, § 112)." By its instant claim and the proposed amendments thereto, and by the claim it attempted to file pursuant to subdivision 6 of section 10 of the Court of Claims Act, claimant sought payment for services rendered in years subsequent to those involved in Claim No. 59429, and did so under a different theory of recovery. Rather than contract, expressed or implied, the professional corporation based its instant and proposed claims on the ground of money had and received. The Court of Claims, in denying motions for permission to amend the instant claim and to file an additional claim, dismissed the proceeding *sub judice* as barred by *res judicata.* The order of dismissal must be affirmed. The doctrine of *res judicata,* in the sense of claim preclusion, was discussed in depth in two recent opinions of the Court of Appeals *(Matter of Reilly v Reid,* 45 NY2d 24; *Matter of Gowan v Tully,* 45 NY2d 32). In defining this doctrine, the court viewed *res judicata* as, at once, the process and result of determining whether the complaining party's present claim, "as distinguished from discrete issues previously litigated, is barred by final adjudication against him in the prior proceeding (see, generally, *Matter of American Ins. Co. [Messinger],* 43 NY2d 184, 189, n 2)." *(Matter of Reilly v Reid, supra,* p 27.) The application of this general

concept to individual cases, however, was not seen as an easy task, *Reilly* cited (p 28), as the "nub of the problem", the difficulty in deciding when two causes of action possess such a measure of identity (see *Schuykill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304) as to be the same, thus causing a final judgment in one to preclude a claim in another. The Court of Appeals established the following guidelines for resolving this question *(Matter of Reilly v Reid, supra,* p 29) : "A 'cause of action' may denote one of several separately stated claims in a pleading based on the same congeries of facts but related to different legal theories of recovery. A 'cause of action' may also denote a separately stated claim on the same congeries of facts, but for different legal relief. But even if there are variations in the facts alleged, or different relief is sought, the separately stated 'causes of action' may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought. In the sense of *res judicata* or claim preclusion, although there may be separately stated or statable causes of action, they are nevertheless based on the 'same cause of action' * * * Nor will differences in legal theory generally avail to permit relitigation of claims based on the same gravamen (see *Matter of Gowan v Tully,* 45 NY2d 32, 36, decided herewith)." The *Reilly* court (p 29) quoted with approval section 61 of the Restatement of Judgments, Second (Tent Draft No. 1, 1973), which explains that the claim extinguished by a final judgment " 'includes all rights of the plaintiff to remedies against the defendant with respect to *all or any part of the transaction, or series of connected transactions, out of which the action arose.' "* (Emphasis added.) *Reilly,* therefore, restates the rule of reason and practical necessity governing *res judicata* in New York, i.e., "One who has had his day in court should not be permitted to litigage the question anew." *(Good Health Dairy Prods. Corp. of Rochester v Emery,* 275 NY 14, 18.) This rule has always been that "an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or *which might have been litigated therein* [citations omitted]." *(Israel v Wood Dolson Co.,* 1 NY2d 116, 118 [emphasis added] ; see, also, *930 Fifth Corp. v King,* 42 NY2d 886.) In the case at bar, the parties to the proceeding under the instant and proposed claims were the same as in the proceeding under Claim No. 59429. The relief sought was the same, viz., payment for professional services, as was the wrong complained of, viz., the withholding of same. Only the theory of recovery and the period of time involved distinguished this from the prior proceeding. Claimant's new legal theory, which could have been asserted previously (see *Israel v Wood Dolson Co., supra),* will not permit relitigation of claims based on the same gravamen of the wrong upon which both actions were brought. (See *Matter of Reilly v Reid,* 45 NY2d 24, *supra; Matter of Gowan v Tully,* 45 NY2d 32, *supra.)* Moreover, claimant's current activity, under circumstances and conditions having their source in the same conduct as was subject to review under Claim No. 59429, constituted nothing more than a continuation of the same transaction or series of transactions previously considered (see *Matter of Reilly v Reid, supra).* In the face of a final judgment against it, claimant had not altered its conduct, but had maintained past practices, which increased its losses. The conduct was the same. The injury was the same. Only the damages had changed, but this was

merely because the passage of time had caused them to accumulate. Claimant's remedy, therefore, was not to be sought by one more day in court, but by terminating, or rearranging, its relationship with respondent consistent with the decision previously rendered by the court. Accordingly, the dismissal by the Court of Claims must be affirmed. Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.