OPINION OF THE COURT
Mortimer Getzels, J.
Alleging as a change of circumstances that the children are residing with him on a permanent basis, the father is petitioning the court to modify a support order of the Supreme Court to provide for payment of maintenance on a per diem basis only for each day that the children visit or reside with the respondent mother. Respondent mother, interposing res judicata as a bar, has moved to dismiss the petition on the ground that the instant request was litigated or could have been litigated in a prior proceeding she brought in the Supreme Court for child support arrears.
The parties, married in 1964, have two children born in 1966 and 1968, respectively. In 1978 they entered into a separation agreement which provided, inter alia, that they have joint custody of the children, who would reside primarily with the mother and attend school in New York City during the first year of the agreement, and that the father would pay $625 per month for the support and maintenance of each child “so long as such child is living, unemancipated and under the age of 21 years.” The separation agreement was incorporated by reference in a judgment of divorce granted in the Supreme Court, New York *1018 County, October 27, 1978, with provision for merger as to the children.
Since 1979 the children have resided with the father, a television personality, in California, spending a few months a year with the mother. The father made no support payments from March to August, 1982, whereupon defendant wife moved for an order directing a judgment of arrears for child support against plaintiff husband in the divorce action (Supreme Ct, NY County, index No. 32118/78). By way of reply plaintiff husband urged the inequity of duplicating support for the children while he maintained them in California for most of the year arid they lived a relatively short period annually with defendant wife in New York; and he asked the court to modify the provisions of the separation agreement as to child support by eliminating any payments retroactive to March, 1982. Denying the “plaintiff’s informal request”, this court granted judgment holding that “the agreement cannot be interpreted as providing plaintiff any basis for eliminating the child support provisions, or, even for a downward modification, which is not the issue here.” (Ascione, J.) Respondent contends that the judgment granting arrears is res judicata on the issue of her right to continued child support payments.
The doctrine of res judicata, also denominated claim preclusion (Matter of Reilly v Reid, 45 NY2d 24), expresses the proposition that each individual is entitled to a full and fair opportunity to submit a dispute to a court of competent jurisdiction for a formal and conclusive determination on the merits of the legal rights of the parties. The final judgment precludes the litigant from further relitigation in a subsequent action of any claim or cause of action that was “actually litigated * * * [or] that might have been * * * litigated”. (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306.) “It is not conclusive, however, to the same extent when the two causes of action are different” (p 307). For the purposes of res judicata a transactional analysis approach is used to determine whether two causes of action or claims are different, or one and the same (O’Brien v City of Syracuse, 54 NY2d 353, 357).
*1019 A claim involving child support has the quality of the mythical Phoenix: it is never laid to rest for all time. Agreement between the parents is no longer controlling (Matter of Brescia v Fitts, 56 NY2d 132). Change of circumstances triggers the dynamics.
A proceeding to collect a past-düe indebtedness and a proceeding that seeks an adjudication with prospective effect address different issues. The Family Court is empowered to modify the underlying order of support of the Supreme Court and has continuing jurisdiction thereof (Family Ct Act, §§ 451, 461). The instant petition is sufficient on its face and res judicata is not a bar to the granting of relief.
Motion to dismiss is denied. Motion for counsel fee is denied without prejudice to renew at the conclusion of the proceeding.
Case assigned to the hearing examiner for June 1, 1983.