■ OLD FORGE CONSTRUCTION CO., INC., Respondent, v CITY OF SYRACUSE, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant appeals from an order which granted plaintiff summary judgment for the amount held in retention by the city under a contract, and which also ordered that plaintiff is entitled to punitive damages and directed an inquest to determine the amount thereof. Plaintiff was the successful bidder on a project for replacement of sewer pipes beneath a runway at the Hancock Field airport. The contract called for retainage by defendant of 15% of the contract price, amounting to $10,565.25, and provided that the retainage would be held for two years after completion of a construction contract and for five years after completion of a sewer contract. If construed as a construction contract, the retainage was

payable January 8, 1976, and if construed as a sewer contract, it was payable January 8, 1979. Defendant contends that a judgment in a prior action between the parties is *res judicata* to this action. The earlier suit, brought in August, 1975, sought to recover damages for extra work performed under the contract. Plaintiff recovered a verdict of $46,635 and judgment thereon was affirmed by this court on January 19, 1979 (see *Old Forge Constr. Co. v City of Syracuse,* 67 AD2d 835, mot for lv to app den 46 NY2d 714). Defendant now argues that this action is barred because the retainage was payable in January, 1976, before trial of the prior action, and plaintiff should have sought amendment of its complaint to include the retainage claim. The argument is without merit. The judgment in this action will have no impact upon rights gained in the earlier judgment (see *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304). Moreover, although the claim in each case flows from the same underlying contract, the cause of action here asserted does not arise from the same transaction or series of transactions which gave rise to the earlier judgment (see *Matter of Reilly v Reid,* 45 NY2d 24). The facts upon which the two causes of action are founded have little relationship in " 'time, space, origin, or motivation' " (see *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193). The claim for retention was not actionable until the passage of a substantial period of time after completion of the contract, and even if we were to agree that the retainage was payable in January, 1976, it was not viable when the first action was instituted. The wrongs complained of are disparate; the first was refusal to pay for extra work required to be done because of defects in the city's plans; the second is for breach of the contractual provision to pay the funds retained. In these circumstances, plaintiff was not required to seek amendment of the complaint in the first action in order to preserve its claim for the retainage. The order must be modified, however, to delete the provision granting punitive damages and directing an inquest. A municipality is not liable for punitive damages (*Sharapata v Town of Islip,* 56 NY2d 332). Finally, plaintiff's claim for counsel fees, first asserted on appeal, is wholly without merit. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.