■ JEROME EDELMAN, P. C., et al., Appellants, v SIDNEY ORSECK et al., Respondents. — In an action to recover attorney's fees for services rendered, plaintiffs appeal from a judgment of the Supreme Court, Kings County (Kartell, J.), dated January 7, 1983, which granted defendants' motion for summary judgment dismissing the complaint on the ground that the action was barred under the doctrine of *res judicata.* Judgment affirmed, with costs. This is an action by plaintiffs to recover for legal services rendered while acting as trial counsel for defendants, who were attorneys representing Benjamin Sanabria. Plaintiffs had been retained by defendants shortly prior to June 4, 1975 in connection with an action which had been commenced in the United States District Court for the Southern District of New York on behalf of Sanabria against the Village of Monticello, Community General Hospital, two individual doctors, and six individual police officers. The action was based, *inter alia,* on theories of negligence and medical malpractice. Plaintiffs were discharged as trial counsel on or about June 3, 1977. On or about August 1, 1977, the action against the Village of Monticello was settled for the sum of $40,000, and the action against the individual police officers was settled by an assignment to Sanabria of the right to prosecute a declaratory judgment action

which had been commenced by the police officers against two insurance companies. The maximum potential recovery against the insurance companies was $460,000. On or about August 11, 1977, these settlements were approved by the United States District Court. The medical malpractice claim was dismissed for lack of diversity jurisdiction, without prejudice to commencement of a medical malpractice action in State court. A medical malpractice action was subsequently commenced in Supreme Court, Sullivan County, and it was settled on May 16, 1979 for the sum of $287,500. The action for a declaratory judgment is apparently still being litigated. On October 7, 1977, plaintiff Jerome Edelman initiated a motion in the United States District Court for the Southern District of New York requesting, *inter alia*, a hearing to fix the respective fees for plaintiffs and defendants with regard to the Sanabria litigation. The matter was referred to United States Magistrate Harold Raby, who conducted a full evidentiary hearing. Plaintiffs produced at the hearing all of the files prepared in connection with the Sanabria litigation. It is noted that at the time plaintiffs were dismissed as trial counsel, all of Sanabria's claims, including those for medical malpractice and those against the six individual police officers, were still pending in the United States District Court. It is further noted that plaintiffs submitted proof with regard to all of the work performed, and covering all claims against all of the defendants, even though the only claim that had been finally resolved at the time of the submission was the one against the Village of Monticello. Plaintiff Jerome Edelman, who had acted as the primary trial counsel, was unable to estimate the number of hours he had worked on the case. Magistrate Raby recommended that Edelman be awarded a total of $2,500 in attorney's fees and $500 in disbursements for his services. The computation was based on the Magistrate's findings that Edelman performed no more than 50 hours of work as trial counsel, and the value of the work was $50 per hour. The Magistrate's findings were confirmed and adopted by United States District Judge John M. Cannella on October 2, 1978. Judge Cannella's order was affirmed by the Court of Appeals for the Second Circuit on February 28, 1979. The instant action was commenced in July, 1979. Plaintiffs sought further recovery with regard to the services performed as trial counsel for defendants with regard to the Sanabria case. Defendants then initiated a motion for summary judgment dismissing the complaint on the ground of *res judicata*. Special Term concluded that the Federal courts' determinations were final and conclusive determinations of Edelman's claim for attorney's fees with regard to all of the services rendered for all aspects of the Sanabria litigation, despite the fact that it was made at the time when the only final resolution of the claims being pursued was the $40,000 settlement with the Village of Monticello. Special Term concluded that the instant action was therefore barred under the doctrine of *res judicata*. Defendants' motion for summary judgment dismissing the complaint was granted. We affirm. The determinations of the Federal courts were that Edelman expended, at most, 50 hours in connection with the Sanabria litigation. These decisions were reached after the courts considered all of the services rendered by plaintiffs with regard to the Sanabria case. Pursuant to the transactional analysis approach applied in deciding *res judicata* issues of this nature (*O'Brien v City of Syracuse*, 54 NY2d 353, 357; *Matter of Reilly v Reid*, 45 NY2d 24), the Federal determinations brought plaintiffs' claim for attorney's fees to a final conclusion, and served as a bar to all other claims for attorney's fees arising out of the same transaction. "[T]he same foundation facts serv[ed] as a predicate" for both the instant action and the Federal proceeding to set Edelman's fees (*Matter of Reilly v Reid, supra*, p 30). Hence, the instant action is barred under the doctrine of *res judicata*, and the motion for summary judgment was properly granted. Plaintiffs' reliance on *Matter of*

*Shaad* (59 AD2d 1061), is misplaced. *Shaad* (*supra*) involved a request for a charging lien under section 475 of the Judiciary Law by an attorney who had once represented the plaintiff. In the instant case, plaintiffs only served as trial counsel for defendants. As such, they were not entitled to a charging lien (see *Melzer v 195 Broadway Corp.,* 18 AD2d 1108). Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.