803 F.2d 55
 Jeffrey GOLKIN, Anthony A. LaBella, Sr., Angelo Gagliardi,
and Pasquale J. LaBella, Plaintiffs-Appellees,
v.
Robert ABRAMS, as Attorney General of the State of New York;
and Robert S. Black, Orlando Velez, James S. Bass, Matteo
Lumetta, Ferdinand C. Marchi, Rosemary A. Millus, Joseph J.
Previte, Martin Richards, Alice Sachs, Anthony Sadowski,
Commissioners of Elections, constituting the Board of
Elections in the City of New York, et al., Defendants.
Appeal of Eileen C. DUGAN, John J. McElhinney, Jr. and
Robert Abrams, Defendants-Appellants.
 Docket 86-7749.
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 3, 1986.
Decided Oct. 6, 1986.
 
 Martin E. Connor, Brooklyn, N.Y., for defendants-appellants Eileen Dugan and John McElhinney.
 Randolph Volkell, Asst. Atty. Gen., State of N.Y., New York City, for defendant Robert Abrams.
 Louis Golkin, Brooklyn, N.Y., for plaintiffs-appellees.
 Before MANSFIELD, PIERCE and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 On September 3, 1986, defendants-appellants Eileen C. Dugan and John J. McElhinney, Jr., candidates in the New York State Democratic Party Primary Election scheduled to be held on September 9, 1986, moved in this court to stay a preliminary injunction issued on September 2, 1986, by the Eastern District of New York, Thomas C. Platt, J., directing the Attorney General of the State of New York and the Board of Elections, also defendants, to place the names of the plaintiffs, Jeffrey Golkin and Anthony A. LaBella, Sr., on the ballot for the election as candidates for the same offices for which defendants Dugan and McElhinney seek election, i.e., as a Member of the Democratic State Committee from the 52d Assembly District and a Member of the Assembly from that district. After reviewing the papers and briefs filed by the parties we granted a stay on September 3, 1986, with the notation that an opinion would follow. We adhere to our grant of the stay.
 
 
 2
 Under the New York Election Law a candidate for office must file a designating petition containing a required number of valid signatures supporting his or her candidacy. On July 10, 1986, plaintiffs filed with the Board a joint designating petition which showed the name of Golkin as a candidate for the position of Member of the Democratic Party State Committee, 52d Assembly District, Kings County, and the name of LaBella as a candidate for the Assembly from the same district. For each of these positions 500 valid signatures are required. The joint designating petition contained 1,412 signatures but its cover sheet did not list each candidate separately with a recitation of the number of signatures supporting each candidate and the numbers of the pages on which they were to be found. Instead, the cover sheet named the two candidates and bore one totalization of the signatures.
 
 
 3
 Shortly after plaintiffs filed their petition, their political adversaries, defendants Dugan and McElhinney, who had also filed designating petitions, brought an action against them in the New York Supreme Court, Kings County, seeking to have the plaintiffs' petitions declared invalid for failure to comply with Sec. 6-134(2) of the New York Election Law, which provides that the cover sheet of a designating petition
 
 
 4
 "[S]hall indicate the office for which each designation and nomination is being made, the name and residence address of each candidate, the total number of pages comprising the petition, and the total number of signatures contained in such petition."
 
 
 5
 In a decision dated August 4, 1986, Justice Slavin of the New York State Supreme Court declared the petition invalid, holding that the cover sheet did not comply with Sec. 6-134(2) because it failed to show separately the number and location of signatures supporting each candidate. The court cited and relied upon In re Pecoraro v. Mahoney, 65 N.Y.2d 1026, 484 N.E.2d 652, 494 N.Y.S.2d 289 (1985); Matter of Delle Cese v. Black, 63 N.Y.2d 694, 468 N.E.2d 1112, 479 N.Y.S.2d 975 (1984). The decision was on August 19, 1986, affirmed by the Appellate Division, Second Department, --- A.D.2d ---, 505 N.Y.S.2d 1019, which also relied on Pecoraro, supra. Thereafter permission to appeal was denied by the New York Court of Appeals. 68 N.Y.2d 605, --- N.Y.S.2d ----, 497 N.E.2d 967.
 
 
 6
 On August 29, 1986, Golkin and LaBella, who had been defendants in the state court proceedings, brought the present action as plaintiffs in the Eastern District of New York and moved for a preliminary injunction directing the New York Board of Elections to place their names on the New York primary ballot rather than refuse to do so as had been ordered by the state courts. Plaintiffs claimed that the cover sheet requirement of Sec. 6-134(2) violated their federal constitutional rights. Judge Platt concluded in a reasoned oral opinion that Sec. 6-134(2) placed an unconstitutional burden on the plaintiffs' rights to become candidates, that they had shown irreparable injury and a likelihood of success, and that the present action was not precluded under the doctrines of res judicata or collateral estoppel. The Supreme Court's decision in Migra v. Warren City School District Board of Education, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984), which requires a federal court to give the same preclusive effect to a state court decision as the state would give it, was distinguished on the ground that, unlike the situation in Migra, the plaintiffs here were defendants in the state court action and therefore were unable to choose a federal forum for adjudication of their constitutional rights. To some extent Judge Platt concluded that since Golkin and LaBella had not raised their constitutional claims in the state court but had reserved them for possible presentation in a federal court proceeding they were entitled now to obtain an adjudication of their federal constitutional claims by a federal court, citing England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). The district court therefore issued its preliminary injunction, from which the defendants have appealed and, in connection with their appeal, Dugan and McElhinney sought the stay that we have granted.
 
 DISCUSSION
 
 7
 Migra, supra, established that a federal court must in an action under 42 U.S.C. Sec. 1983 accord the same preclusive effect to a state court judgment as the state itself would give to its judgment, even when the precluded issue was not raised in the state court but could have been. Since the plaintiffs here could have raised their constitutional claims in the state court proceeding and New York law is settled that they are precluded from raising in a subsequent proceeding any issue they could have raised in the prior one, see, e.g., In re Reilly v. Reid, 45 N.Y.2d 24, 379 N.E.2d 172, 407 N.Y.S.2d 645 (1978), they are foreclosed from raising their constitutional claims in the present action. The fact that they were defendants rather than plaintiffs in the state court action does not provide a valid basis for distinguishing Migra from the present case. The test is not their status as plaintiffs or defendants or whether they chose the state forum but whether they had a "full and fair opportunity to litigate" the issues in the prior proceeding. See Allen v. McCurry, 449 U.S. 90, 104, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980).
 
 
 8
 The issue in Allen, for instance, was the preclusive effect of a state criminal trial on the criminal defendant's right to bring a later civil action in federal court. Although they were defendants in the state court proceeding here, Golkin and LaBella had ample opportunity to litigate their federal claims in state court.
 
 
 9
 Judge Platt also relied on the theory that Golkin and LaBella implicitly reserved their federal claims for resolution by a federal court under England v. Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). We find this argument to be without merit for the reasons stated in our decision in Tarpley v. Salerno, 803 F.2d 57, which we have filed simultaneously with this opinion. Moreover, for reasons also stated by us in Tarpley, Sec. 6-134(2) in any event represents a reasonable regulation within constitutional bounds. We accordingly adhere to our grant of a stay of the district court's decision pending appeal.