■ In the Matter of STANDARD MARINE SERVICES, INC., et al., Petitioners, v THOMAS C. JORLING, as Commissioner of Environmental Conservation of the State of New York, et al., Respondents. [625 NYS2d 186] —Determination of respondent Executive Deputy Commissioner of the New York State Department of Environmental Conservation, dated March 25, 1991, which, *inter alia,* continued a summary abatement order prohibiting petitioners from operating vessels in the New York Marine District, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Angela M. Mazzarelli, J.], entered on or about May 27, 1994) is dismissed, without costs.

The petitioners operated a fleet of oil tanker barges, sewage sludge barges and other vessels until the respondents issued a summary abatement order pursuant to ECL 71-0301 and Navigation Law § 174, suspending their operations in the New York Marine District. After commencing unsuccessful actions in the Federal courts *(see, Berman Enters. v Jorling,* 793 F Supp 408, *affd* 3 F3d 602, *cert denied* — US —, 114 S Ct 883), the petitioners commenced the instant article 78 proceeding, which was transferred to this Court.

The petitioners' contention that Federal law preempts State law with respect to the operation of vessels is barred by the doctrine of res judicata since this claim was presented and rejected by the Federal courts in *Berman Enters. v Jorling (supra; Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481;

*Matter of Reilly v Reid,* 45 NY2d 24). The contention is without merit in any event, since the Navigation Law and the Environmental Conservation Law are not in conflict with any Federal regulations. In the absence of a clear and manifest intent to supersede State law, the courts have refused to infer preemption *(see, Ray v Atlantic Richfield Co.,* 435 US 151, 157, 164).

The respondents' actions in issuing the summary abatement order were neither ultra vires nor arbitrary or capricious. The Commissioner has broad powers under the ECL and the Navigation Law to ensure a clean environment and to prevent conditions or activities which may present an imminent danger to the health or welfare of the people of the State or are likely to result in irreversible or irreparable damage to natural resources. Respondents' reliance on the statutes to abate petitioners' offending conduct was neither irrational nor unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

The respondents' determination was supported by substantial evidence since the record details the petitioners' eleven year history of negligent and unlawful practices *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Although the petitioners contest certain findings of the Hearing Officer, credibility determinations were for the finder of fact.

We have considered the petitioners' remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Rubin, Asch and Tom, JJ.