██ JOSEPH D. CASTALDO et al., Appellants, v LLOYD D. HAR-RINGTON, Doing Business as HARR-WOOD NURSING HOME, Respondent. (Appeal No. 1.) [639 NYS2d 201] 
 Memorandum: This is at least the seventh action or proceeding between the parties concerning the long-term lease of a nursing home. Plaintiffs, the landlords, now appeal from an order granting defendant's motion for summary judgment dismissing the complaint in an action for

damages for failure to make repairs pursuant to the lease. Supreme Court found that the instant action had been improperly split from two earlier actions based on the same lease, one for ejectment and one for back rent. We agree with plaintiffs that the court erred in considering the back rent action because defendant's motion, and thus the record, was based exclusively on the argument that the action seeking damages for breach of the lease provision concerning repairs was precluded by final judgment in the ejectment action terminating that lease.

Nevertheless, we affirm. The court properly dismissed the complaint based on the ejectment action. According to the Restatement (Second) of Judgments, "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar * * * the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction * * * out of which the action arose" (Restatement [Second] of Judgments § 24 [1]). The Court of Appeals has relied upon the Restatement in determining when a cause of action or claim has been impermissibly "split", by applying a " 'transaction' test" (*Matter of Hodes v Axelrod,* 70 NY2d 364, 372; *see, Matter of Reilly v Reid,* 45 NY2d 24, 29). The doctrine of claim preclusion bars future litigation between parties on the same cause of action (*Matter of Hodes v Axelrod, supra,* at 372). Restatement (Second) of Judgments, § 26, comment *(g)* makes it clear that entry of a judgment in an action terminating a contract normally precludes the plaintiff from bringing any further action for damages based on breach of that contract. Here, the ejectment action unquestionably resulted in termination of the lease. The fact that plaintiffs found it impractical to obtain an architectural survey to determine the extent of damage before the court terminated the lease does not mean that they were prevented from doing so.

Plaintiffs also appeal from denial of their motion to renew and to resettle the order. The motion to renew was properly denied because the new facts alleged in support of the motion had no bearing on the issue raised in defendant's motion. The motion to resettle the order was also properly denied because the deletion of any reference to the rent action in the underlying order was a matter of substance, not form (*see, Foley v Roche,* 68 AD2d 558, 566). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.