101 F.3d 1394
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Emon DAWKINS, Plaintiff-Appellant,
v.
John F. HUDCAS, as Commissioner of Labor for Divisions of
Employment and Unemployment, Defendant-Appellee.
 No. 96-7111.
 United States Court of Appeals, Second Circuit.
 Aug. 30, 1996.
 
 Appearing for Appellant: Emon Dawkins pro se, Liverpool, N.Y.
 Appearing for Appellee: Daniel F. De Vita, Ass't Att'y Gen., Brooklyn, N.Y.
 N.D.N.Y.
 AFFIRMED.
 Before MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was submitted by plaintiff pro se and by counsel for defendant.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Plaintiff pro se Emon Dawkins appeals from a judgment of the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., Judge, dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated that follow, we find no error in the dismissal.
 
 
 4
 To the extent that the complaint sought to assert claims against defendant in his individual capacity, it failed to state a claim upon which relief could be granted substantially for the reasons stated in Judge Scullin's Decision and Order dated January 5, 1996.
 
 
 5
 With respect to claims asserted against defendant in his official capacity, the complaint was properly dismissed for several reasons. To the extent that the complaint sought damages, it was barred by the Eleventh Amendment. See, e.g., Edelman v. Jordan, 415 U.S. 651 (1974). Further, the complaint did not allege facts sufficient to constitute a continuing violation of federal law that could entitle Dawkins to prospective relief. See Quern v. Jordan, 440 U.S. 332, 337 (1979); Ex parte Young, 209 U.S. 123 (1908). Finally, to the extent that the complaint might be read as requesting a new unemployment-claim hearing on the ground that Dawkins was deprived of his procedural due process rights, that claim is barred by principles of res judicata because Dawkins has already litigated his claim for unemployment benefits in the state courts. See generally Smith v. Russell Sage College, 54 N.Y.2d 185, 192-93, 445 N.Y.S.2d 68, 71-72 (1981) (New York courts bar assertion of claims arising out of same "transaction" or "factual grouping" that gave rise to claims previously litigated); Reilly v. Reid, 45 N.Y.2d 24, 28-30, 407 N.Y.S.2d 645, 647-49 (1978) (same); Migra v. Warren City School District Board of Education, 465 U.S. 75, 81 (1984) (federal court must give a state-court judgment the same preclusive effect as state court would give it under state law).
 
 
 6
 We have considered all of Dawkins's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.