TOWN OF BABYLON, Appellant, v TULLY CONSTRUCTION Co., INC., Respondent. [704 NYS2d 847] —In an action, *inter alia*, for a judgment declaring a letter agreement between the parties dated May 9, 1995, and an arbitration clause contained therein, as "void, a nullity and of no legal force and effect", the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered June 25, 1997, which denied its motion, in effect, to reargue so much of a prior order of the same court, dated January 23, 1997, as denied its motion to stay arbitration and granted the defendant's cross motion to compel arbitration, and, in effect, dismissed the second cause of action in the complaint.

TOWN OF BABYLON, Appellant, v TULLY CONSTRUCTION Co., INC., Respondent. [704 NYS2d 847] —In an action, *inter alia*, for a judgment declaring that the defendant may not arbitrate any contractual disputes with the plaintiff that are not set forth in its notice of claim, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Gerard, J.), entered October 2, 1998, which granted the defendant's motion to dismiss the complaint and denied its cross motion to convert the defendant's motion to one for summary judgment and for summary judgment in its favor, and (2) an order and judgment (one paper) of the same court, entered December 30, 1998, which, *inter alia*, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly determined that this action is barred by the doctrine of res judicata (*see, Smith v Russell Sage Coll.,* 54 NY2d 185; *Matter of Reilly v Reid,* 45 NY2d 24). Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.