■ In the Matter of JAMES E. CLIFF, Appellant, v STEVEN GREENE, as Correction Officer, Respondent. (Proceeding No. 1.) In the Matter of JAMES E. CLIFF, Appellant, v DONALD SELSKY, as Appeal Reviewer, Respondent. (Proceeding No. 2.) [724 NYS2d 780] —Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Hemmett, Jr., J.), entered December 2, 1999 in Washington County, which dismissed petitioner's application, in proceeding No. 1 pursuant to CPLR article 78, to review certain conduct of respondent alleged to be unlawful, and (2) from a judgment of said court (Berke, J.), entered January 7, 2000 in Washington County, which, in proceeding No. 2 pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as barred by the doctrine of res judicata.

In a misbehavior report written by respondent Steven Greene, a correction officer, petitioner was charged with violating certain prison disciplinary rules. At the conclusion of a tier

III hearing, petitioner was found guilty of the charges, a finding which was affirmed on petitioner's administrative appeal. Petitioner thereafter commenced proceeding No. 1 pursuant to CPLR article 78 in which he alleged that Greene was abusive and had falsely accused petitioner of rule violations for the purposes of harassment and retaliation. Concluding, *inter alia*, that the petition failed to state a cause of action, Supreme Court (Hemmett, Jr., J) dismissed the petition in proceeding No. 1. In the meantime, petitioner commenced proceeding No. 2 pursuant to CPLR article 78 to review the determination finding him guilty of violating prison disciplinary rules. After the dismissal of proceeding No. 1, Supreme Court (Berke, J.) concluded that petitioner could have raised his claim regarding the prison disciplinary determination in proceeding No. 1 and, therefore, the court granted respondent's motion to dismiss proceeding No. 2 as barred by the doctrine of res judicata. Petitioner appeals from both judgments and we have joined the appeals for our review.

The petition in proceeding No.1, the exclusive focus of which is the alleged misconduct of Greene in his capacity as a correction officer, fails to state a valid claim under CPLR article 78. The petition does not allege that Greene played any role in making the final determination in the prison disciplinary proceeding and the charges that Greene made in the misbehavior report do not constitute a final administrative determination that is subject to review pursuant to CPLR 7803 (3) or (4). Nor was Greene's conduct that is the subject of the petition either ministerial, as required for CPLR 7803 (1) review, or quasi-judicial, as required for CPLR 7803 (2) review. Accordingly, the judgment dismissing the petition in proceeding No. 1 is affirmed.

The focus of the petition in proceeding No. 2 is the administrative determination finding petitioner guilty of violating prison disciplinary rules. The procedural and substantive claims raised therein are fundamentally different than those raised in proceeding No. 1 and the parties are different. The gravamen of proceeding No. 1 is Greene's alleged abuse of his authority as a correction officer, while the gravamen of proceeding No. 2 is that the prison disciplinary determination was affected by procedural errors and the lack of substantial evidence to support it. Respondent in proceeding No. 2 is the officer responsible for deciding, on behalf of the Commissioner of Correctional Services, petitioner's administrative appeal from the disposition in the tier III hearing. In proceeding No. 1, Greene was sued solely in his capacity as a correction officer

and not for any alleged role in making the final determination that is the subject of proceeding No. 2. In these circumstances, we conclude that proceeding No. 2 is not barred by the doctrine of res judicata. "In properly seeking to deny a litigant two 'days in court', courts must be careful not to deprive him of one [citation omitted]" (*Matter of Reilly v Reid*, 45 NY2d 24, 28). The judgment dismissing the petition in proceeding No. 2, therefore, is reversed.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment entered December 2, 1999 is affirmed, without costs. Ordered that the judgment entered January 7, 2000 is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court where respondent will be permitted to serve an answer within 20 days of the date of this Court's decision.