■ IDT CORP. et al., Appellants, v TYCO GROUP, S.A.R.L., et al., Respondents. [67 NYS3d 612]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 18, 2016, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

This action is barred by res judicata (*see Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]); this is the third time that plaintiffs have alleged the same cause of action, *viz.*, that defendants breached a settlement agreement that the parties entered into 17 years ago (*see IDT Corp. v Tyco Group, S.A.R.L.*, 23 NY3d 497 [2014]; *IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209 [2009]). This is also the second time plaintiffs have alleged that defendants failed to fulfill their obligation to negotiate in good faith. The fact that the specific details of how defendants allegedly breached that obligation differ between plaintiffs' second lawsuit and the case at bar is of no moment (*see Reilly*, 45 NY2d at 30; *Elias v Rothschild*, 29 AD3d 448 [1st Dept 2006]).

Plaintiffs contend that res judicata cannot apply because their current complaint is based on conduct by defendants that occurred after the Court of Appeals' second decision. However, defendants' January 2015 refusal to engage in further negotiations was "integrally intertwined . . . and rooted in conduct that predated the commencement of this action" (*UBS Sec. LLC v Highland Capital Mgt., L.P.*, 154 AD3d 631, 632 [1st Dept 2017]).

Plaintiffs seem unwilling to accept that the obligation to negotiate in good faith "can come to an end without a breach by either party" (*IDT*, 23 NY3d at 503). However, the Court of Appeals has so ruled. "Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation" (*Reilly*, 45 NY2d at 28).

Since we have decided the case based on res judicata, it is unnecessary to discuss collateral estoppel (*see id.* at 31). Concur—Tom, J.P., Friedman, Renwick, Kahn and Kern, JJ.