■ In the Matter of ELLIOTT WILK, as a Judge of the Civil Court of the City of New York, Respondent, v NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT et al., Appellants. — Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered February 22, 1983, which, *inter alia,* denied respondents' cross motion to dismiss this CPLR article 78 proceeding, is unanimously reversed, on the law, the cross motion is granted and the petition is dismissed, without costs. On July 9, 1982, respondents served petitioner with a formal written complaint (Judiciary Law, § 44, subd 4), which charged that he, as a Judge of the Civil Court of the City of New York, had committed, in the course of performing his judicial duties, various violations of the Rules of the Chief Administrator of the Courts Governing Judicial Conduct (22 NYCRR part 100), of the Code of Judicial Conduct and of the Special Rules Concerning Court Decorum of the Appellate Division, First Department (22 NYCRR part 604). Thereafter, petitioner commenced the instant proceeding that seeks: (1) a judgment prohibiting the respondents from prosecuting him for judicial misconduct; and (2) a declaration that the respondents lack the power to conduct a disciplinary hearing against him. Respondents cross-moved to dismiss upon the grounds that: (1) the Supreme Court lacks subject matter jurisdiction; and (2) the petition fails to state a cause of action. Special Term denied the cross motion and directed respondents to answer. We disagree. Pursuant to article VI (§ 22, subd a) of the New York Constitution, the respondents have the exclusive authority to "receive, initiate, investigate and hear complaints with respect to the conduct * * * [and] performance of official duties of any judge or justice of the unified court system" (material in brackets added). Thus, we find that "an article 78 petition seeking relief in the nature of prohibition [does not lie] in these circumstances" (*Matter of Nicholson v State Comm. on Judicial Conduct,* 50 NY2d 597, 605; material in brackets added). Determinations of the respondents are subject to review by the Court of Appeals (NY Const. art VI, § 22). Concur — Kupferman, J. P., Ross, Asch and Milonas, JJ.