■ BARBARA M. SIMS, Appellant, v SOL WACHTLER, as Chief Judge of the Court of Appeals, et al., Respondents.—Judgment, Supreme Court, New York County (Ethel B. Danzig, J.), entered May 24, 1988, which dismissed the complaint, is unanimously affirmed, without costs.

Plaintiff was removed as a Judge of the Buffalo City Court by the Court of Appeals in a proceeding brought by her pursuant to NY Constitution, article VI, § 22 (d) (61 NY2d 349). Misconduct on her part was found to have occurred in 1978-1979. In this action, plaintiff seeks a declaratory judgment that the constitutional and statutory provisions underlying that determination are invalid and void and that she is not bound thereby. Plaintiff claims the prior determination of the Court of Appeals does not preclude these contentions, as the Commission on Judicial Conduct and the Court of Appeals acted without subject matter jurisdiction over those prior proceedings in the absence of promulgated and filed rules of conduct, effective as of the date of the misconduct.

The provisions relied upon, concerning the promulgation of rules of conduct for Judges and Justices by the Chief Administrator with the approval of the Court of Appeals (NY Const, art VI, § 20 [b]; Judiciary Law § 212 [2] [b]), are not addressed

to the subject matter jurisdiction of the Commission on Judicial Conduct or the Court of Appeals. Pursuant to NY Constitution, article VI, §§ 22 and 36-a, since January 1, 1978, the Commission on Judicial Conduct has had subject matter jurisdiction over complaints with respect to the performance of the official duties of any Judge or Justice of the Unified Court System and the Court of Appeals has had subject matter jurisdiction to extensively review determinations of the Commission upon written request of such Judge or Justice. In this posture, the Court of Appeals prior determination is final as to matters actually determined and all matters which plaintiff could have raised and, therefore, plaintiff is barred from relitigating any and all issues concerning her removal *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304; *Matter of Reilly v Reid,* 45 NY2d 24). We have also held that Supreme Court has no subject matter jurisdiction as to complaints with respect to the conduct and performance of official duties of any Judge where such matter is properly before the Commission on Judicial Conduct, as the grant of jurisdiction over such cases pursuant to NY Constitution, article VI, § 22 (a) is exclusive *(Matter of Wilk v New York State Commn. on Judicial Conduct,* 97 AD2d 716 [1st Dept]). Therefore, Supreme Court here properly dismissed the complaint on grounds of lack of subject matter jurisdiction and res judicata. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.