■ ROBERT McNAUGHTON et al., Appellants, v HAROLD R. HUDSON, Respondent.—In an action to recover damages for fraud and malpractice of an attorney, plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated October 2, 1973, which granted defendant's motion to dismiss the complaint. Order modified by (1) adding to the first decretal paragraph thereof (which provides for dismissal of the complaint) immediately before the word "complaint", the words "first cause of action of the"; (2) adding thereto a provision that the motion is denied as to the second and third causes of action; and (3) deleting the second decretal paragraph (which directs entry of judgment). As so modified, order affirmed, without costs. Defendant's time to answer the complaint is extended until 20 days after entry of the order to be made hereon. In August, 1964 plaintiffs, who were represented by defendant, an attorney, entered into a contract to purchase

certain real property from Joseph and Vitina Accardi. The deed which was subsequently delivered in November, 1964 is allegedly at odds with the terms of the contract with regard to whether plaintiffs were to obtain a right of way or a fee interest in an adjoining parcel. The discrepancy was not discovered by plaintiffs until July, 1970. In November and December, 1971 plaintiffs commenced an action against the Accardis, a title insurance company and the defendant herein. With regard to the latter, plaintiffs alleged a cause of action in negligence grounded on his failure to discover the discrepancy. That complaint was dismissed as barred by the applicable Statutes of Limitation. Subsequently, plaintiffs commenced the present action against this defendant alone. It is the granting of defendant's motion to dismiss the complaint which forms the basis of the present appeal. In the second cause of action of the complaint, plaintiffs allege that in July, 1970 they consulted defendant with reference to the discrepancy and were falsely assured by defendant that he would act to rectify the situation. In the third cause of action plaintiffs allege that, again after they consulted defendant in July, 1970, he negligently failed to commence an action against the sellers. Special Term dismissed the entire complaint on the ground that the present action was precluded by the dismissal of the complaint in the prior action. We disagree with Special Term as to the scope, and effect of the prior judgment. Clearly, the causes of action which plaintiffs are now attempting to interpose could have been asserted in the prior action. Further, it is well settled that "A judgment in one action is conclusive in a later one not only as to matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306–307). However, before full *res judicata* effect can be given to a prior judgment it must be shown that the prior judgment was a final adjudication on the merits (see 5 Weinstein-Korn-Miller, NY Civ Prac, pars 5011.10, 5011.11). Thus, the crucial issue is whether the dismissal of a cause of action as untimely is an adjudication on the merits within the meaning of the *res judicata* doctrine. The matter is not entirely free from doubt (see Siegel, Practice Commentaries, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3211, C3211:66, p 72). Certainly, a prior judgment dismissing a claim as barred by the Statute of Limitations may be considered to be on the merits as to the precise issue decided therein (see *Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962, affd 29 NY2d 888). However, the same rule should not apply to separate and distinct causes of action which could have been asserted but which were not (cf. *64 West Park Ave. Corp. v Parlong Realty Corp.,* 77 Misc 2d 1019). To this extent the prior judgment was not on the merits. In the present case plaintiffs admit that the first cause of action alleged in the instant complaint is identical to the claim barred by the former adjudication. Thus, any cause of action for negligence on the part of defendant which accrued in 1964, when he failed to discover the omission, may not be asserted. However, the second and third causes of action relate to events which allegedly occurred in July, 1970. Accepting the allegations contained therein to be true, as we must for the purpose of reviewing a motion to dismiss (see *Kober v Kober,* 16 NY2d 191), it would appear that separate and distinct causes of action did accrue at that time and have been timely interposed in the present action. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.