■  W. L. DEVELOPMENT CORP., Respondent, v MARTIN THALGOTT et al., Defendants, and JOHN TARDINO et al., Appellants; SUFFOLK COUNTY DEPARTMENT OF ENVIRONMENTAL CONTROL, Respondent.—In an action for a judgment declaring the rights of the parties with respect to a certain sewer agency agreement, and for money damages, defendants Tardino appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated March 31, 1976, as denied their motion pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint on the ground of collateral estoppel. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements jointly to respondents. The doctrine of collateral estoppel operates where there is an identity of issues which were actually decided on the merits in a prior action and where the parties, or ones in privity with them, had a full and fair opportunity to contest the issues (Vincent v Thompson, 50 AD2d 211). The judgment in the prior action was technically on the merits as between the parties thereto since it was entered after plaintiff rested its case (see CPLR 5013). The issues presented in this case concern the rights of the parties and their obligations under a sewer agency agreement and construction contracts between plaintiff and the homeowners involved. The Judge who tried the prior case would not permit the introduction into evidence of the rider to the contract of sale concerning the sewer agency agreement, apparently in the belief that, since the defendant homeowners were not represented by an attorney at their closing, they were not bound by the rider. As a result, plaintiff was not given a fair and full opportunity to litigate the issues which are raised in the present action. Further, since the present action includes an additional cause of action for a judgment declaring the rights and obligations of governmental units which were not represented in the prior action, either by their counsel or by others with similar interests, there is no identity of issues. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■  WALTER A. STANLEY & SON, INC., Respondent, v TRUSTEES OF HACKLEY SCHOOL, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County, entered April 30, 1976, which granted the application and stayed arbitration of appellant's counterclaim. Order reversed, on the law, with $50 costs and disbursements, application denied, and the parties are directed to proceed to arbitration forthwith. No fact issues were presented for review. In the absence of a compelling public policy, arbitration is a preferred means for the settlement of disputes (Matter of Prinze [Jonas], 38 NY2d 570, 574). The issue of breach of contract is within the scope of the instant submission (see Matter of Marchant v Mead-Morrison Mfg. Co., 252 NY 284, 292; De Lillo Constr. Co. v Lizza & Sons, 7 NY2d 102, 106). While the scope of the agreement to submit to arbitration is not unlimited, it may reasonably be supposed to have been in the parties' minds that issues as to the assessment of damages for the loss of use of the gymnasium, increased architect's fees and operating costs, and physical damages to property, loss of interest, and other damages based on the petitioner's failure properly to perform the work, be submitted to the arbitrators. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.