■ DORIS K. DONNELLY, Respondent, v WILLIAM J. DONNELLY, Appellant. —In a matrimonial action, the defendant appeals from the alimony, child support, visitation and counsel fee provisions of a judgment of divorce of the Supreme Court, Queens County, dated November 18, 1977. Judgment modified, on the facts, by (1) reducing the award of child support from $120 a week per child to $75 a week per child and (2) deleting so much of decretal paragraph 5(b) as begins with the words: "Commencing with" and ends with the words: "Labor Day and Thanksgiving" and substituting therefor the following: "On Christmas school vacation including Christmas Day, Memorial Day and Labor Day in all even numbered years and on Easter school vacation, including Easter Sunday, and Thanksgiving in all odd numbered years". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The judgment provided the father with visitation, *inter alia,* for all the above-mentioned holidays during even numbered years. He was, consequently, deprived of all holiday visitation during odd numbered years. We have deleted that provision and provided for a holiday visitation schedule which we feel would be in the best interests of the children. The award of child support was excessive to the extent indicated herein. Latham, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ EAST RAMAPO CENTRAL SCHOOL DISTRICT, Respondent, v EAST RAMAPO TEACHERS ASSOCIATION, Appellant.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Rockland County, dated September 20, 1977, which granted the application. Judgment affirmed, without costs or disbursements. The teachers' association seeks to arbitrate the issue whether a provision in the collective bargaining agreement between that association and the East Ramapo Central School District granting tenure credit to part-time teachers is valid and enforceable. This same issue has been presented to this court in four proceedings pursuant to CPLR article 78 brought by teachers who have taught part-time in the East Ramapo Central School District. We have held in those proceedings that the provision is valid and enforceable. The issue is therefore no longer a subject for arbitration, and it is no longer necessary for this court to decide the question of its arbitrability (see *Matter of Schlosser v Board of Educ.,* 62 AD2d 207). Hopkins, J. P., Martuscello, Latham and Gulotta, JJ., concur.