■ RICHARD MULLIN, as President of the East Ramapo Teachers Association, Appellant, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78 to direct the respondent school district to promulgate seniority lists, to grant tenure and seniority rights based on part-time service, and to hold a hearing to determine the aforesaid seniority and tenure rights based

upon part-time service, the petitioner appeals from a judgment of the Supreme Court, Rockland County, entered June 10, 1980, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. The relief sought in the present proceeding is virtually identical with that sought in a motion by the East Ramapo Teachers Association to modify the order in *East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.* (62 AD2d 1049). The modification requested was a provision "for a hearing and determination of certain teachers' part-time service rights". In denying that motion this court's order dated February 7, 1980 indicated that the denial was predicated on "the respondent [school district] having stipulated at oral argument that all teachers continuously employed by it will be entitled to the rights under the final ruling resulting from the litigation in *Matter of Schlosser v Board of Educ. of the East Ramapo Cent. School Dist.* (62 AD2d 207, affd 47 NY2d 811) under the principle of *stare decisis.*" Respondent school district is bound to grant those rights, as it concedes in its papers in this proceeding. The issues in the present proceeding have, accordingly, already been determined in favor of petitioner and dismissal of the petition was proper on the ground of *res judicata.* We read the wording of the decision of Special Term to so imply. Insofar as petitioner maintains that there are teachers who are entitled to part-time service credit who were intended to be covered by the prior arbitration proceeding and/or the *Schlosser* proceedings *(supra),* and whose employment with the district has evidently not been continuous, such teachers should have commenced individual proceedings at the time the school district denied them service credit or they should have been named in the arbitration proceeding (cf. *Matter of Bonfield v Board of Educ.,* 71 AD2d 604). Lazer, J.P., Margett, O'Connor and Thompson, JJ., concur.