■ In the Matter of HELENE COHEN, Appellant, v BOARD OF EDUCATION OF EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner

as a full-time tenured teacher, petitioner appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), entered September 12, 1980, which, upon granting respondents' motion for summary judgment, dismissed the petition. (We deem the motion to have been one pursuant to CPLR 7804 [subd (f)] to dismiss the petition.) Judgment reversed, on the law, without costs or disbursements, and motion to dismiss denied. Respondents' time to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. In the instant proceeding, petitioner contends that on or about September 1, 1978, the East Ramapo Central School District "created a new position within petitioner's area of certification" or there were vacancies "which by reason of her length of service in the system claimant is entitled to under the provisions of Section 2510 [subd 3] of the Education Law." Respondents, in support of their motion, submitted an affidavit from the school district's director of personnel stating that no additional positions in the elementary tenure area had been created, but not mentioning whether any vacancies had occurred in existing positions. Further, respondents contended that petitioner's seniority was 4.3 years, and therefore, as thirty-sixth in seniority on the preferred eligible list, petitioner would not have been eligible for reinstatement pursuant to subdivision 3 of section 2510 of the Education Law. Respondents do not contest the fact that petitioner was improperly denied seniority credit for an additional five years that she served as a part-time teacher (see *Matter of Schlosser v Board of Educ.*, 62 AD2d 207, affd 47 NY2d 811). Rather, respondents contend that petitioner's seniority was "forever fixed" at 4.3 years, because a prior proceeding, which challenged, pursuant to subdivision 2 of section 2510 of the Education Law, petitioner's removal from her position as a regular full-time elementary teacher, was dismissed as barred by the four-month Statute of Limitations set forth in CPLR 217 (see *Matter of Bonfield v Board of Educ.*, 71 AD2d 604). Respondents contend that the dismissal of the prior proceeding was *res judicata,* forever precluding petitioner from receiving proper seniority credit. However, the only issue decided in the prior proceeding was that petitioner's claim pursuant to subdivision 2 of section 2510 of the Education Law was barred by the applicable Statute of Limitations. The instant proceeding alleges a separate and distinct cause of action pursuant to subdivision 3 of section 2510 of the Education Law (see *Matter of Ward v Nyquist,* 43 NY2d 57), based upon events which occurred subsequent to the commencement of the prior proceeding (see *McNaughton v Hudson,* 50 AD2d 863). Thus, the dismissal of the prior proceeding is not *res judicata* with respect to the instant proceeding. Further, the dismissal of the prior proceeding was based exclusively upon the technicalities of CPLR 217 as it related to the cause of action there pleaded. Neither petitioner's claim to additional seniority credit, nor the question of whether said claim may have been barred by the doctrine of laches was adjudicated therein (cf. *Mullin v Board of Educ.,* 81 AD2d 907). Thus, petitioner is not collaterally estopped from contesting the propriety of respondents' computation of her seniority in the present proceeding to enforce her rights pursuant to subdivision 3 of section 2510 (see *W. L. Dev. Corp. v Thalgott,* 54 AD2d 901; see, also, *McNaughton v Hudson, supra,* p 864; Siegel, New York Practice, § 276, p 332; cf. *Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962, affd 29 NY2d 888). Respondents' affidavits in support of their motion did not reveal vital information within their control, to wit, whether any vacancy had occurred in existing positions on or about September 1, 1978. Instead, respondents relied on a miscomputation of petitioner's seniority, which they assumed was unchallengeable by virtue of *res judicata.* Since this assumption was legally unsound,

respondents' motion should have been denied. Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.