■ In the Matter of MARTIN DAVIS, Appellant, v GREGORY P. PETERSON et al., Respondents. [678 NYS2d 272] —In a proceeding pursuant to CPLR article 78 to annul a resolution of the Town Board of the Town of Hempstead, dated February 25, 1997, which declared certain structures upon the petitioner's premises to be in an unsafe and dangerous condition and authorized the Commissioner of the Department of Buildings of the Town of Hempstead to demolish those structures, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered November 12, 1997, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, a CPLR article 78 proceeding may be summarily determined "upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409 [b]; see, Matter of Barreca v DeSantis, 226 AD2d 1085; see also, Matter of Filut v New York State Educ. Dept., 91 AD2d 722, 723). Furthermore, it is well settled that "a defendant may be estopped to plead the Statute of Limitations where [the] plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action" (Simcuski v Saeli, 44 NY2d 442, 448-449; see, East Midtown Plaza Hous. Co. v City of New York, 218 AD2d 628). In the present case, however, despite the petitioner's conclusory assertions to the contrary, the record is devoid of any factual support for his allegation that the Town Board of the Town of Hempstead (hereinafter the Town Board) lulled him into inactivity in order to allow the Statute of Limitations to expire. The court, therefore, properly dismissed the petition on the basis of the Statute of Limitations defense, since it was undisputed that the petitioner failed to commence this proceeding within four months after the Town Board adopted the resolution authorizing the Commissioner of the Department of Buildings to demolish the unsafe structures. Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.