**Martin DAVIS, Plaintiff–Appellant,**

**v.**

**Vincent FERDICO, David Chaumont, Erik Nyman, James Martino and Paul Gressin, Individually and as Fire Commisioner, Town of Hempstead, Merik Aaron, Individually and as Deputy Town Attorney, Frank Catanzaro, individually and as Code Enforcement**

44

Officer, Other Town Employees, (unknown at present), individually and in their official capacities, and Nassau County Police Officers, Defendants–Appellees.

Docket No. 01–7868.

United States Court of Appeals, Second Circuit.

June 5, 2003.

Martin Davis,* Woodmere, N.Y., pro se.

Thomas McKevitt (Joseph J. Ra, Town Attorney, and Susan P. Jacobs, on the brief), Hempstead, N.Y., for Defendant–Appellee Town of Hempstead.

Scott Winikow (Michael J. Vardaro, on the brief), Zetlin & De Chiara LLP, New York, N.Y., for Defendant–Appellee James Martino.

* Mr. Davis did not appear for oral argument.

Joseph M. O'Connor, Ahmuty, Demers & McManus, Albertson, N.Y., for Defendant–Appellee Paul Gressin.

PRESENT: CALABRESI, SACK, Circuit Judges, and GARAUFIS,** District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 5th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED in part and VACATED AND REMANDED in part.

Martin Davis, appearing pro se, appeals the judgment of the United States District Court for the Eastern District of New York (Platt, *J.*), dismissing on summary judgment Davis's suit. Davis brought the action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that the defendants violated his constitutional rights under the Fourth, Fifth, Ninth and Fourteenth Amendments when, in 1996, they removed certain items from his property and, in 1997, demolished a structure on his property. We review the district court's grant of summary judgment de novo. *Giannullo v. City of New York,* 322 F.3d 139, 140 (2d Cir.2003).

The 1996 incidents were the subject of a § 1983 action brought by Davis in 1996, which was dismissed by the district court. Davis appealed and this court affirmed that dismissal. In the case before us, the district court correctly held that, with respect to the 1996 incidents, all of the relevant defendants were or could have been parties to the 1996 action, that the claims in this action are the same as those in the earlier action, and that Davis had a full and fair opportunity to litigate those claims. The district court concluded that all of Davis's claims based on the 1996 incidents were precluded by the doctrine of res judicata. We agree with that judgment.

█ The 1997 destruction of the structure on Davis's property was not, and could not have been, part of that earlier federal suit. Hence, claims based on it are not precluded by the judgment in the 1996 suit. Nevertheless, the district court held that Davis's claims arising from the 1997 acts were barred by the *Rooker–Feldman* doctrine because the demolition had been the subject of a previous Article 78 proceeding in the state court. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We find this conclusion to be erroneous.

In February 1997, the Town of Hempstead passed a resolution that required

** The Honorable Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, sitting by designation.

Davis to cure deficiencies in a structure on his property or have it torn down. In the summer of 1997, Davis submitted an Article 78 petition asking the New York court to stay the town's planned demolition of the structure because of alleged procedural illegalities in the way that the resolution was passed. The New York court ruled that Davis's petition was barred by the applicable (four-month) statute of limitations and dismissed the action. The structure was demolished a few weeks later.

■ There are two reasons why the dismissal of Davis's Article 78 petition would not, under New York law, preclude Davis's present action. First, Davis's § 1983 and § 1985 claims are based on events (e.g., the tearing down of his building) that had not yet taken place at the time of the state Article 78 proceeding. He therefore could not have raised his federal claims in that litigation. Under New York law, parties in a subsequent proceeding are precluded from bringing only those claims that they could have raised in the prior one. *Schulz v. Williams*, 44 F.3d 48, 53 (2d Cir.1994) (citing *Reilly v. Reid*, 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172, 175 (N.Y. 1978)). Second, New York courts have held that, while a dismissal based on the statute of limitations does have a preclusive effect for the claims raised, it does not bar the future assertion of other claims that could have been raised in the same proceeding but were not. *Cohen v. Bd. of Educ. of E. Ramapo Cent. Sch. Dist.*, 84 A.D.2d 536, 537, 443 N.Y.S.2d 170 (N.Y.App.Div.1981); *McNaughton v. Hudson*, 50 A.D.2d 863, 864, 377 N.Y.S.2d 140 (N.Y.App.Div.1975). Either of these grounds warrants the conclusion that the judgment in the Article 78 proceeding does not, under New York law, bar the present action.

For this reason, the *Rooker–Feldman* doctrine does not prohibit that part of Davis's suit that is based on the 1997 incidents. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). We have stated that "we are disinclined ... to extend or amplify the *Rooker–Feldman* doctrine beyond the 'minimum' [of the preclusion doctrines]." *Hachamovitch v. DeBuono*, 159 F.3d 687, 696 (2d Cir.1998). The defendants have offered no argument why we should so extend the doctrine in this case. Consequently, we conclude that the district court erred when it dismissed, on the basis of the *Rooker–Feldman* doctrine, the claims arising from the 1997 events. This holding does not, of course, mean that Davis's claims can, on their merits, survive summary judgment. On that issue, which the district court did not consider, we express no views.

■ The district court also held that Davis's claims against defendant James Martino failed because Martino's alleged involvement in the 1997 incident was too attenuated and because Martino acted reasonably. Martino is an architect with whom the town contracted to inspect the subsequently demolished structure on Davis's property. In his appeal to this court, Martino argues (1) that because he is a private citizen, his actions cannot be violations of Davis's constitutionally guaranteed rights; (2) that because Martino's actions were objectively reasonable, he is protected by qualified immunity; and (3) that in any case, Davis's claims of constitutional violations fail on the merits. It is not clear to us that Martino's arguments

can succeed. First, even though a private citizen, Martino may have acted "under color of state law," in which case he may be held liable under § 1983. *See Richardson v. McKnight,* 521 U.S. 399, 403, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997). Second, it may be that as a private individual, Martino cannot claim qualified immunity. *See Wyatt v. Cole,* 504 U.S. 158, 168, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992); *Toussie v. Powell,* 323 F.3d 178, 183 (2d Cir. 2003). It is, of course, quite possible that Martino is correct in arguing that the claims against him should be dismissed on summary judgment. Unfortunately, however, it is unclear from the district court's opinion which legal principle that court was applying when it held that there were independent grounds (other than *Rooker–Feldman*) for dismissing the claims against Martino. Without knowing the legal basis for the district court's ruling, we decline to affirm its decision.

We have considered Davis's other arguments and find them without merit. Accordingly, we AFFIRM the district court's dismissal of Davis's claims arising out of the 1996 incidents, VACATE the district court's dismissal of Davis's claims arising out of the 1997 incident, and REMAND the case for further proceedings not inconsistent with this decision. The parties shall bear their own costs.