Martin DAVIS, Plaintiff–Appellant,

v.

TOWN OF HEMPSTEAD, Merik R. Aaron, Individually and as Deputy Town Attorney, Vincent Ferdico, David Chaumont, Eric Nyman, Indi-vidually and in their official capacity, Paul Gressin, Individually and as Hewlett Fire Commissioner, James Martino and Marco Bendetto, Defendants–Cross–Defendants–Appellees,

County of Nassau, Defendant–Cross–Claimant–Appellee,

John Does 1–10, Jane Does 1–10, Defendants.

No. 04–0870.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Martin Davis, Woodmere, NY, for Appellant, pro se.

Thomas McKevitt, Deputy Town Attorney (Joseph J. Ra, Town Attorney, on the brief), Office of the Town Attorney, Hempstead, NY, for Town of Hempstead, Merik Aaron, Frank Catanzaro, Vincent Ferdico, David Chaumont and Eric Nyman, Appellee.

Charles D. Cole, Jr., Newman Fitch Altheim Myers, P.C., New York, NY, for Paul Gressin, Appellee.

Scott J, Winikow, Zetlin & De Chiara LLP, New York, NY, for James Martino, Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Plaintiff Martin Davis brought this action *pro se* alleging that his constitutional rights had been violated when agents of the Town of Hempstead (the "Town") entered his property pursuant to a resolution of the Town Board in order to remove structures that the Town had deemed unsafe. The District Court granted defendants' motions for summary judgment, and plaintiff brought this appeal. We assume

the parties' familiarity with the underlying facts and the procedural history.

In 1996, the Town initiated litigation against Davis in New York Supreme Court, Nassau County concerning the outdoor storage of junk on his property. On June 21, 1996, the Supreme Court issued an order providing that upon thirty days written notice, the Town could enter Davis's property to remove certain debris. On August 7, 1996, Town employees entered Davis's property and removed some items pursuant the June 21, 1996 order (the "1996 incident"). As a result of that incident, on July 10, 1996, Davis commenced an action in the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. §§ 1983 and 1985 against the Town, the County of Nassau (the "County") and several individual defendants. Judge Platt granted defendants' motion for summary judgment, and we affirmed. *See Davis v. Town of Hempstead*, 208 F.3d 202 (2d Cir.2000) (unpublished table decision).

While cleaning up Davis's property on August 7, 1996, Town employees were concerned that a garage and an adjacent pipe rack located on the property might be dangerous and unstable. On August 16, 1996, pursuant to the Town's direction, a licensed architect, defendant James Martino, inspected the garage and the rack and concluded that they violated a section of the Town Code relating to dangerous structures. Davis was informed of Martino's findings, advised that he should repair or demolish the structures and notified of an upcoming hearing at which the Town Board would consider the issue. On February 25, 1997, a hearing was held; Davis

attended with counsel and participated, and the Town Board passed a resolution authorizing the Town to dismantle and remove the garage and rack. On July 25 1997, Davis moved in Supreme Court, Nassau County pursuant to Article 78 of the N.Y. C.P.L.R. for a stay to prevent the Town from acting pursuant to the Town Board's resolution. Davis's motion was denied because he had failed to comply with the four month statute of limitations for bringing Article 78 proceedings, *see* N.Y. C.P.L.R. § 217(1).[1] On August 14, 1997, agents of the Town entered Davis's property and dismantled and removed the garage and the rack (the "1997 incident").

In 1997, Davis filed a complaint *pro se* pursuant to 42 U.S.C. §§ 1983 and 1985 against the Town, the County, Martino, Hewlett Bay Fire District Commissioner Paul Gressin, several Town employees, and unnamed officers of the Nassau County Police Department, alleging that defendants had violated Davis's rights pursuant to the First, Fourth, Fifth and Fourteenth Amendments.[2] The defendants brought motions for summary judgment, and the District Court granted those motions. On appeal, we affirmed in part and vacated and remanded in part the District Court's judgment. *See Davis v. Ferdico*, 67 Fed. Appx. 43 (2d Cir. June 5, 2003). We concluded, *inter alia*, that Davis's claims were precluded by the doctrine of *res judicata* to the extent they related to 1996 incident because claims stemming from that incident were or could have been raised in Davis's 1996 action. *Id.* at 45. We determined that the 1997 incident "could not have been[ ] part of th[e] earlier federal

---

1. The Supreme Court's order denying Davis's motion was affirmed by the Appellate Division, Second Department. *See Davis v. Peterson*, 254 A.D.2d 287, 678 N.Y.S.2d 272 (2d Dep't 1998).

2. In 1999, Davis filed another complaint pursuant to § 1983 against the same defendants; the 1997 and 1999 actions were consolidated, and Davis filed a consolidated amended complaint.

suit," and therefore *res judicata* did not apply to Davis's claims to the extent they concerned that later incident. *Id.* We also rejected the District Court's conclusion that the *Rooker–Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), precluded Davis's suit insofar as it related to the 1997 incident, *Davis,* 67 Fed.Appx. at 46. Furthermore, we determined that "it [was] unclear from the [D]istrict [C]ourt's opinion which legal principle [the District Court] was applying when it held that there were independent grounds (other than *Rooker–Feldman*) for dismissing the claims against Martino." *Id.* at 47. Accordingly, we affirmed the judgment of the District Court with respect to the 1996 incident and vacated and remanded with respect to the 1997 incident. *Id.*

Upon return of the cause to the District Court, Judge Platt again granted summary judgment to the defendants. *See Davis v. Town of Hempstead,* 296 F.Supp.2d 376 (E.D.N.Y.2003). He concluded that the doctrine of *res judicata* precluded Davis's claims against all defendants other than Martino because the 1997 incident "was part of the same transaction and indeed, formed the basis for plaintiff's current suit." *Id.* at 381. The District Court held that Davis failed to establish that Martino's involvement in the 1997 incident could be construed as having proximately caused Davis's injury. *See id.* at 381–82. Lastly, the District Court concluded that all defendants—including Martino, who was not an employee of the Town, but acted at the Town's request—were entitled to qualified immunity. *See id.* at 382–83.

On appeal, Davis contends that the District Court erred in "awarding sua sponte summary judgment[ ]" to defendants upon remand. He also argues that the 1997 incident amounted to an unconstitutional taking and that the defendants' reliance on the Town Board resolution was an insufficient basis for affording defendants qualified immunity.

 We find no error in the District Court's entry of summary judgment on remand without soliciting new briefing. Upon *de novo* review of the record, *see e.g., Schick v. Berg,* 430 F.3d 112, 115 (2d Cir.2005) (grant of summary judgment reviewed *de novo*), we agree, for substantially the reasons set forth in the District Court's opinion, with the conclusions that (1) plaintiff failed to establish that any action of defendant Martino was the proximate cause of plaintiff's injuries; and (2) the other individual defendants were entitled to qualified immunity.[3] Accordingly, the District Court appropriately granted summary judgment to the individual defendants.

 The District Court concluded that "res judicata prevents suit against all defendants except Martino," *Davis,* 296 F.Supp.2d at 381, thereby providing a basis for granting summary judgment to the County and the Town. In our previous decision concerning this action, however, we explained that Davis's claims, to the extent predicated on the 1997 incident, were not precluded by his 1996 suit or his Article 78 proceeding because "[u]nder New York law, parties in a subsequent proceeding are precluded from bringing only those claims that they could have raised in the prior one." *Davis,* 67 Fed. Appx. at 46 (citing *Schulz v. Williams,* 44

---

**3.** We need not, and do not, reach whether defendant Martino was entitled to qualified immunity.

F.3d 48, 53 (2d Cir.1994) (citing *Reilly v. Reid*, 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978))); *see also id.* at 45. Accordingly, because Davis could not have raised the 1997 incident in his prior actions—both of which antedated the 1997 incident—the District Court's determination that *res judicata* applies is in error. Plaintiff has failed to allege any involvement by the County in the 1997 incident; summary judgment was therefore properly granted in favor of the County on *res judicata* grounds. We cannot, however, affirm the District Court's granting of the Town's motion for summary judgment on the basis of *res judicata* because of the Town's role in the 1997 incident.

■ The Town argues that as an alternative ground—which was not reached by the District Court—for affirming the granting of the Town's motion for summary judgment, we should hold that Davis failed to show any municipal policy or practice. *See Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir.2004) (holding that to establish municipal liability pursuant to § 1983, a plaintiff must "show that the challenged acts were performed pursuant to a municipal policy or custom"). It is undisputed, however, that the Town Board issued a resolution providing the individual defendants authority to enter plaintiff's property and destroy the garage and rack. *See Gronowski v. Spencer*, 424 F.3d 285, 296 (2d Cir.2005) (providing that a municipality may be held liable pursuant to § 1983 "when a city policymaker takes action that violates an individual's constitutional rights"). We therefore cannot conclude that plaintiff has failed to raise a genuine issue of material fact concerning a basis for municipal liability.

We have considered all of plaintiff's arguments on appeal, and we hereby VACATE and REMAND the District Court's judgment insofar as it dismissed plaintiff's claims against the Town of Hempstead with regard to the 1997 incident. We AFFIRM the judgment insofar as it dismissed the claims against all other defendants.