Rose, J.
Appeal from a judgment of the Supreme Court (Work, J.), entered December 18, 2012 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Board of Education of the Saugerties Central School District to dismiss the petition against it.
Petitioner, a former teacher with the Saugerties Central School District, commenced this proceeding challenging a decision by respondent Board of Education of the Saugerties Central School District to recall another former teacher ahead of petitioner to fill a vacant teaching position. According to petitioner, the Board improperly calculated her seniority. The Board moved to dismiss the proceeding on, among other grounds, collateral estoppel and res judicata, claiming that the dismissal of a prior proceeding challenging the earlier recall of a *1158 different former teacher ahead of petitioner to fill a different position barred the instant proceeding. That proceeding had been dismissed based on, among other things, petitioner’s failure to commence the proceeding within four months of the determination to recall the other teacher. In the present proceeding, Supreme Court granted the Board’s motion to dismiss on collateral estoppel grounds and petitioner appeals.
We reverse. In order for collateral estoppel to apply, there must be an identity of a decisive issue between the present and prior proceedings which was necessarily decided in the prior proceeding, and the party who will be estopped must have been afforded a full and fair opportunity to litigate the issue in the prior proceeding (see D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; State of New York v Zurich Am. Ins. Co., 106 AD3d 1222, 1223 [2013]; Schultz Constr., Inc. v Franbilt, Inc., 14 AD3d 895, 896 [2005]). “[W]hether to apply collateral estoppel in a particular case depends on general notions of fairness involving a practical inquiry into the realities of the litigation” (Matter of Russo v Irwin, 49 AD3d 1039, 1041 [2008] [internal quotation marks and citations omitted]). Here, while petitioner raises an identical issue in this proceeding, namely, whether she is entitled to more seniority credit than the Board gave her, that issue has never been decided. Rather, the earlier proceeding was dismissed as time-barred. Because the issue of whether petitioner is entitled to more seniority has not been decided, it is not barred by collateral estoppel (see Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 575 n 5 [2001]; Matter of Custom Topsoil, Inc. v City of Buffalo, 81 AD3d 1363, 1365 [2011], lv denied 17 NY3d 709 [2011]; Matter of Cohen v Board of Educ. of E. Ramapo Cent. School Dist., 84 AD2d 536, 537 [1981]).
Lahtinen, J.E, Stein and Garry, JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.