SAM & MARY HOUSING CORP., Plaintiff,

v.

NEW YORK STATE, Justices of the New York Supreme Court, County of Queens and Jo/Sal Market Corp., Defendants.

No. 85 Civ. 3865(CBM).

United States District Court, S.D. New York.

April 16, 1986.

Joel Z. Robinson by Thomas G. Gentithes, New York City, for plaintiff.

Pearlman, Apat & Futterman by Alan D. Levine, Kew Gardens, N.Y., for defendant Jo/Sal.

Robert Abrams, Atty. Gen., State of N.Y. by Tova Zifzider, Asst. Atty. Gen., New York City, for defendant Justice Lorraine S. Miller.

## 1450

## OPINION

MOTLEY, Chief Judge.

### FACTS

This action arises out of a landlord/tenant dispute between plaintiff, Sam & Mary Housing Corp., and defendant, Jo/Sal Marketing Corporation. Plaintiff is the owner of commercial property in Queens County, New York, the ground floor of which was being used as a grocery store, pursuant to a long-term, assignable lease. Defendant purchased the grocery business and the lease in April 1980. At that point, plaintiff ejected defendant from the premises.

Plaintiff then sued defendant in New York State Supreme Court, Queens County, for declaratory and injunctive relief, seeking to void defendant's lease. Defendant counterclaimed for wrongful eviction. After a trial before Justice Lorraine S. Miller, judgment was rendered for the defendant on all but one of its counterclaims. In the opinion awarding judgment for defendants, Justice Miller stated that she had taken judicial notice of another proceeding before her in which the principal of plaintiff corporation had given testimony which contradicted testimony she had heard in that instant action. Both parties appealed the judgment to the Appellate Division. The Appellate Division reduced the judgment awarded to defendants and affirmed the judgment as so modified.

Plaintiff then moved the Appellate Division for permission to appeal its order to the Court of Appeals. The Appellate Division denied plaintiff's motion by an order dated, October 2, 1984. Plaintiff then moved the Court of Appeals for leave to appeal. The Court of Appeals denied plaintiff's motion. Defendant, Jo/Sal cross-appealed on the reduction of damages. The Court of Appeals affirmed the Appellate Division in a decision rendered April 25, 1985.

Plaintiff commenced this action in May of 1985 against defendants, New York State, Supreme Court Justice Lorraine Miller, and Jo/Sal Market Corporation, alleging that it was deprived of due process of law by Justice Miller's improper taking of judicial notice. Plaintiff also sought a pre-liminary injunction to enjoin defendants from executing on the judgment awarded them in the state court action. Plaintiff brings this action pursuant to 42 U.S.C. section 1983. Defendant New York State was dismissed from this action by stipulation dated July 1985. The remaining defendants have moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b). Defendant Jo/Sal Market Corporation has also moved for attorney's fees pursuant to 42 U.S.C. section 1988, and 28 U.S.C. § 1927 and for sanctions pursuant to Fed.R.Civ.P. 11. This action is now before the court on defendants' motions.

### DISCUSSION

#### I. *Defendant Jo/Sal's Motion to Dismiss*

Defendant Jo/Sal Market Corp. has moved to dismiss plaintiff's suit against it for failure to state a claim upon which relief can be granted and on grounds of res judicata. Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ...

The prerequisite for finding a violation of section 1983 is "state action." *United States v. Price,* 383 U.S. 787, 794, n. 7, 86 S.Ct. 1152, 1157 n. 7, 16 L.Ed.2d 267 (1966). The state action requirement of Section 1983 mandates that the "conduct allegedly causing the deprivation of a federal right be fairly attributable to the State," *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). This requirement means that the "party charged with the deprivation must be ... a state actor," *Lugar* at 937, 102 S.Ct. at 2753.

■ The position in this circuit is that one does not become a state actor merely by being a litigant in a state court action,

*Stevens v. Frick,* 372 F.2d. 378 (2d. Cir. 1967), *cert. denied,* 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967). In *Merrick v. Merrick,* 441 F.Supp. 143, 146 (S.D.N.Y. 1976), this court, per Judge Brieant, stated that "there is no authority for the proposition that a person who employs the state's judicial processes ... is thereby clothed with the state's authority." In the instant case plaintiffs have pointed to nothing other than defendant Jo/Sal's defense of the state court action that would constitute state action. That is clearly insufficient to make defendant Jo/Sal a state actor.

■ Defendant also moves to dismiss plaintiff's complaint on the ground that the present action is barred by the doctrine of res judicata or claim preclusion. Res judicata provides that once a claim is brought to a final resolution, all other claims arising out of the same transaction are precluded, even if based upon different legal theories or seeking different recoveries. *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 445 N.Y. S.2d 687, 429 N.E.2d 1158 (1981). *Smith v. Russell Sage College,* 54 N.Y.2d 185, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981). *Reilly v. Reid,* 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978).

■ Federal courts are compelled by Article IV of the Constitution, as well as by 28 U.S.C. section 1738, to give full faith and credit to state court judgments. In *Migra v. Warren City School District,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court held that state court judgments must be given the same preclusive effect in federal court that they would receive in state court, notwithstanding the presence of a federal constitutional claim. In the instant case, plaintiff argues that its claim should not be barred because the due process issue was not raised in the state court proceedings. Plaintiff, however, misconceives the law of res judicata. The "application of res judicata ... assumes that the court in which the first action was brought would have been willing and able to consider the theory that is being advanced in the second action." *Heimbach v. Chu,* 744 F.2d 11, 14 (2d Cir.1984), *cert. denied* — U.S. ——, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985). In the instant case, the

gravamen of plaintiff's complaint is that it was deprived of due process by the improper taking of judicial notice by the trial judge. This contention could have been, and in fact, was raised in the Appellate Division. The fact that plaintiff has characterized its claim as a constitutional one does not change the essential fact that plaintiff is simply questioning the propriety of the Justice Miller's taking of judicial notice. Thus res judicata bars plaintiff's claim against defendant Jo/Sal.

■ Even if plaintiff's action could be characterized as a different claim for res judicata purposes, plaintiff would still be barred by the doctrine of collateral estoppel or issue preclusion, from raising this due process challenge to Justice Miller's taking of judicial notice. The doctrine of issue preclusion bars the relitigation of issues that the party had a full and fair opportunity to litigate in a prior action. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). *Reilly v. Reid,* 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978). In the instant case, the judicial notice issue was raised in plaintiff's appeal before the Appellate Division. The Appellate Division dealt expressly with the trial court's taking of judicial notice and held it not to be reversable error. Therefore, plaintiff is barred from raising the issue in the instant action by the doctrine of collateral estoppel. Defendant Jo/Sal's motion to dismiss is hereby granted.

## II. *Defendant Justice Miller's Motion to Dismiss*

■ Justice Lorraine Miller also moves to dismiss the instant action pursuant to Fed.R.Civ.P. 12(b) on the ground that the present action is barred by the doctrine of res judicata, that this court lacks subject matter jurisdiction and on the ground that the complaint fails to state a claim upon which relief can be granted.

Defendant Justice Miller asserts that this court lacks subject matter jurisdiction because it is without authority to review decisions of state courts. Title 28 U.S.C. section 1257 provides that, "[f]inal judgments or decrees rendered by the highest court of

a State in which a decision could be had, may be reviewed by the *Supreme Court* ..." (emphasis added). Plaintiff's appropriate remedy would have been to seek review of the Court of Appeals' decision in the United States Supreme Court. This court is without authority to review decisions of the New York Court of Appeals. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *Zimmerman v. Grievance Committee of the Fifth Judicial District*, 726 F.2d 85 (2d Cir.1984), *cert. denied* 467 U.S. 1227, 104 S.Ct. 2681, 81 L.Ed.2d 876 (1984). Because this court concludes that it lacks subject matter jurisdiction to hear plaintiff's action against Justice Miller, it is not necessary to reach the other grounds raised on this motion to dismiss. Defendant Justice Miller's motion to dismiss for lack of subject matter jurisdiction is granted.

III. *Defendant Jo/Sal's Motion for Attorney's Fees*

■ Defendant, Jo/Sal has also moved for attorney's fees, pursuant to 42 U.S.C. section 1988, and 28 U.S.C. section 1927 and for sanctions pursuant to Fed.R.Civ.P. 11. Section 1988 provides that, "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ..., the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In order to award a prevailing defendant attorney's fees under this section, it must be demonstrated that the plaintiff's complaint was unreasonable, frivolous, or without foundation. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). This finding is made without regard to the state of mind of plaintiff or his or her counsel," *Gerena-Valentin v. Koch*, 739 F.2d 755 (2d. Cir.1984).

■ An application of the above standard to the instant case demonstrates that an award of attorney's fees to defendant Jo/Sal is clearly justified. Plaintiff did not advance any credible argument that defendant Jo/Sal had engaged in state action such to bring it within the purview of sec-

tion 1983. The case law is clear in this circuit that participation in litigation alone is insufficient to establish state action. A party's "mere invocation of state procedures will result in a finding of color of state law only if that conduct is fairly attributable to the state," *Wright v. National Bank of Stamford*, 600 F.Supp. 1289, 1298 (N.D.N.Y.1985), *aff'd*. 767 F.2d 909 (2d. Cir.1985). Defendant's motion for attorney's fees against the plaintiff is hereby granted.

■ Defendant has also moved that attorney's fees be assessed personally against plaintiff's attorney, pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. section 1927. Section 1927 provides that, "any attorney ... who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Rule 11 provides in relevant part, that:

> the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay....

An assessment of fees against counsel requires a showing that the attorney acted in bad faith to willfully abuse the judicial process. *Aller v. New York Board of Elections*, 586 F.Supp. 603 (S.D.N.Y.1984). In *Aller*, attorney's fees were assessed against counsel in an action brought pursuant to 42 U.S.C. section 1983, where plaintiffs could not offer any support for their contention that the defendants were acting, "under color of state law" as required by the statute.

■ Similarly, in the instant case plaintiffs have not come forward with any artful arguments that defendant Jo/Sal was acting under color of state law in defending

the state court action. Even if plaintiff had proffered a good faith argument for an extension of the existing state action doctrine, its claim against Jo/Sal was clearly barred by the doctrine of res judicata. In addition, there is some evidence that this action was brought for the sole purpose of coercing defendants to accept an amount lower than the judgment that they had been awarded in state court (Affidavit of Ira H. Futterman). In light of the fact that the instant action against defendant Jo/Sal was totally groundless, there is a strong probability that it was brought in bad faith. This is therefore an appropriate case for an assessment of a portion of the attorney's fees against plaintiff's attorney.

In conclusion, defendant Jo/Sal's motions to dismiss and motion for attorney's fees are granted. Defendant Justice Lorraine Miller's motion to dismiss is also granted.

Defendant's counsel is directed to submit an affidavit as to counsel fees on or before May 15, 1986. There will be a hearing as to counsel fees requested on May 30, 1986 at 2:00 p.m.