**Reuben AVENT, Plaintiffs,**

v.

**SOLFARO, Supt., C.O. Washington, and Sgt. Gentillo, Defendants.**

**No. 02Civ.0914(RCC)(RLE).**

United States District Court,
S.D. New York.

Aug. 23, 2004.

Reuben Avent, Coxsackie, NY, pro se.

Thomas K. McCarren, Burke Miele & Golden, LLP, Suffern, NY, for defendant.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

*Pro se* plaintiff Reuben Avent ("Avent") has two motions before this Court: (1) a second application for appointment of counsel, and (2) a motion pursuant to Federal Rule of Civil Procedure ("Rule") 11(c) and 28 U.S.C. § 1927, requesting that defendants and their attorneys be sanctioned and ordered to pay his litigation expenses, including attorney's fees. For the reasons which follow, both motions are **DENIED**.

### II. BACKGROUND

On February 6, 2002, Avent filed a complaint alleging that correctional officers at Rockland County jail violated his Eighth Amendment rights by denying him recreation, using excessive force, and denying him medical care. Complaint at 4–5 (not numbered); *see also* Opinion and Order, June 11, 2003 (Ellis, J) at 1. He further alleged in his original complaint that his due process rights were violated when he was not allowed to participate in a disciplinary hearing and denied access to the facility's law library. *Id.* On June 17, 2002, defendants filed their answer.

In papers dated April 3, 2002, Avent filed an application requesting the appointment of legal counsel, claiming that the hardship of incarceration would limit his ability to investigate the matter and conduct legal research. On October 9, 2002, this Court denied the request without prejudice, noting Avent's proven ability to act as counsel and the simplicity of the legal issues. Opinion and Order, October 9, 2002 (Ellis, J) ("October 2002 Order") at 6.

On May 20, 2002, Avent moved for an order of default accusing defendants of not defending the suit. On May 22 and May 31,

2002, Avent filed discovery demands. On July 1, 2002, Avent moved to compel discovery and for sanctions against defendants. On August 26, 2002, Avent received defendants opposition to his motion compelling discovery. On September 12, 2002, Avent received defendants' answer to his May 2002 discovery requests. In a letter dated November 20, 2002, Avent requested the Court's intervention to force defendants' compliance with his discovery requests. On January 13, 2003, this Court, after reviewing Avent's discovery requests and defendants' responses, found the responses adequate. Opinion and Order, January 13, 2003 (Ellis, J) at 2–3.

Avent made a second application to this Court for appointment of counsel on June 25, 2003. Avent filed a motion for sanctions on July 10, 2003, citing Rule 11 and 28 U.S.C. § 1927.

Avent asserts that his case, including past motions before this Court, has not been fairly considered because of the inartful presentation of his papers. He believes that he has been denied fair adjudication because of his *pro se* status, and because of interference by the state prison officials. In particular, he alleges that "unlawful interference" by the "state correctional facilities," and his own lack of legal knowledge have caused him to lose "substantial grounds" with regard to discovery and his case as a whole. Plaintiff's Notice of Motion for Appointment of Counsel at ¶¶ 63–64.

## III. DISCUSSION

### A. Motion for Court to Request Counsel—Pursuant to 28 U.S.C. § 1915(e)

■ A party appearing *pro se* may make an application for counsel at any time during the course of litigation. *United States v. Taylor*, 933 F.2d 307, 311 (5th Cir. 1991). While a court may *request* counsel for an indigent litigant in civil cases, it cannot appoint counsel. 28 U.S.C. § 1915(d), *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

■ The court "exercises substantial 'discretion', subject to the requirement that it be 'guided by sound legal principle.'" *Coo-*

*per v. A. Sargenti Co.*, 877 F.2d 170, 171–172 (2d Cir.1989) (*quoting Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir.1983)). The court first must discover whether the plaintiff can afford counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994). If the court finds that the plaintiff cannot afford counsel, the court next must "determine whether the indigent's position was likely to be of substance." *Cooper*, 877 F.2d at 172 (*quoting Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986)). Once the court has considered the threshold issues as to indigence and the potential merits of the claims, the court may consider other criteria. *Id.* "Those secondary criteria include plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Id.*

■ Avent's request to proceed *in forma pauperis* was granted on February 6, 2002, and therefore, he satisfied the threshold requirement of indigence. Avents claims of excessive force, denial of due process, denial of medical needs, and denial of access to the courts are all claims that if true, likely support a claim for deprivation of rights under 42 U.S.C. § 1983. However, as this Court stated in its earlier opinion and order denying a request for counsel, Avent has "demonstrated that he is capable of presenting the facts clearly and drafting pleadings and motions backed by legal research." October 2002 Order at 3. Avent has filed more than ten motions in the current action and drafted discovery requests, all of which have shown a sufficiently competent understanding of the law and ability to sustain his case without assistance of counsel. Avent has cited statutes and case law in his briefs, and seems to be well organized. In addition, as this Court has previously found, "this case does not present novel or overly complex legal issues." *Id.* Though the assistance of counsel would likely be of benefit to Avent as well as this Court in the adjudication of this case, it is not a necessity, nor a right. *Mallard*, 490 U.S. at 298–308, 109 S.Ct. 1814. This Court

rejects Avent's complaints that his motions have been misinterpreted and denied for their inartful presentation and legal inadequacies. He has represented his cause well and no doubt will continue to do so without representation.

## B. Sanctions Pursuant to Rule 11

Sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Constr. Corp. v. New York,* 762 F.2d 243, 254 (2d Cir.1985).

A prisoner's pleadings are to be liberally construed, see *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and "some procedural rules must give way because of the unique circumstances of incarceration," *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21, citing *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (*pro se* prisoners' notices of appeal are considered to be filed at the moment of delivery to prison authorities). In this case however, it is clear that Avent is familiar with both Rule 11 and Rule 37. No unique circumstances exist to justify his ignoring Rule 11(d).

Avent claims that defendants have made "very serious false allegations and misrepresentations," regarding discovery proceedings and disputes, in order to "overcome discovery duties and forestall any prompt imposition of discovery demands." Plaintiff's Brief in Support of Motions for Sanctions ("Pl.Br.") at 1, 11. Specifically, he argues that defendants did not comply with or answer his May 2002 discovery demands, which he says were "served on Rockland County Jail c/o Supt. Solfaro, addressed to Sgt. Gentillo." Pl. Br. at ¶ 5. In addition, Avent states that defendants falsely alleged in their opposition to his motion to compel that they

had not been served with his demand for production of documents. Avent argues that defendants' conduct, through their attorney, violated Rule 11. He also maintains that sanctions should be imposed on defendants themselves for "invoking such false allegations." Pl. Br. at 12.

In opposition to Avent's motion, counsel for defendants, Thomas K. McCarren, affirms that neither he nor defendants had received the discovery demands dated May 22, 2002, at the time of their opposition. Attorney Affirmation in Opposition to Plaintiff's Motion for Fed.R.Civ.P. 11 Sanctions and Cross Motion for Sanctions ("Opposition to Pl. Motion") at ¶ 7. He indicates that the demands were not attached to the motion to compel, but rather were first obtained by counsel at the courthouse on August 21, 2002. *Id.* at ¶ 7. McCarren further notes that while Avent now states that he mailed his request for production of documents to Sgt. Gentillo, in prior sworn affirmations he stated the request was mailed to Rockland County Jail c/o Supt. Solfaro. *Id.* at ¶ 9. *Compare id. with* Plaintiff's Affirmation of Service, May 30, 2002. Defendants' counsel also points out that plaintiff first claimed to have served discovery demands on the Rockland County Clerk's Office, Criminal Term, and that the postmark date on the envelope addressed to Sgt. Gentillo is June 5, 2002, while his sworn affirmation is dated May 30, 2002. Opposition to Pl. Motion at ¶ 12.

Defendants further argue that Avent's claims are barred from consideration under Rule 11, were already rejected by this Court and are equally without merit, and ask not only that the plaintiff's motion be denied, but also that the Court "impose sanctions on the Plaintiff and award costs to Defendants for the expenses in responding to this motion." *Id.* at 6–7.

A motion for sanctions under Rule 11 "shall be made separately from other motions or requests." FED. R. CIV. P. 11(c)(1)(A). Sanctions under this rule are inapplicable to "disclosures and discovery requests, responses, objections, and motions subject to the provisions of Rules 26 through 37." FED. R. CIV. P. 11(d). Avent's motion

fails on both counts. He filed his Rule 11 motion in conjunction with a motion pursuant to 28 U.S.C. § 1927 for counsel's liability for excessive costs. Moreover, the matters for which he seeks sanctions relate to discovery disputes and do not fall within the purview of Rule 11.

## C. Sanctions Under 28 U.S.C. § 1927

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Avent claims that defendants' "false and groundless" motions during discovery were in bad faith, employed misrepresentations, and violated 28 U.S.C. § 1927. Pl. Br. at 1. In support of this claim, he maintains that during discovery defendants "asserted false allegations," "hid behind local rules," and "ignored Plaintiff's simplified discovery requests," thus causing delay and multiplying the proceedings. Id. at 11. Defendants attribute the discovery problems to Avent's behavior. Opposition to Pl. Motion at 3–7. In any case, they assert that the Court has already ruled on Avent's request. January 2003 Order; Id. at 3.

■ The United States Supreme Court has recognized that federal courts have the "inherent power to manage their own proceedings and to control the conduct of those who appear before them." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A court's power under 28 U.S.C. § 1927, however, carries a potential for abuse and, the Second Circuit has held that the statute should be construed narrowly so as not to "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Mone v. Commissioner of Internal Revenue*, 774 F.2d 570, 574 (2d Cir. 1985); *see also Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985).

■ Courts have looked to the original intent of 28 U.S.C. § 1927 to determine its application, finding that its purpose is to "deter unnecessary delays in litigation" and, unlike Rule 11, requires a subjective determination of a "clear showing of bad faith." *Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 72–73 (S.D.N.Y.1991) (*citing* H.R.Conf.Rep. No. 1234, 96th Cong., 2d Sess. 8, 1980 U.S.Code Cong. & Admin.News 2716, 2782); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986). Additionally, courts have indicated that a showing of "bad faith to willfully abuse the judicial process" is necessary to assess any fees against counsel. *Sam & Mary Housing Corp. v. New York State*, 632 F.Supp. 1448, 1452 (S.D.N.Y.1986) (*citing Aller v. New York Board of Elections*, 586 F.Supp. 603 (S.D.N.Y.1984)).

■ This Court reaffirms its decision of January 13, 2003, finding defendants' responses to the immediate document requests to be adequate. January 2003 Order at 2–3. Defendants have merely filed responses to Avent's initial complaint and numerous motions in this action, in addition to their own discovery requests. Id. Both parties have plausibly suggested the fault of the other party for discovery delays, but have failed to make, subjectively speaking, a "clear showing of bad faith." *Stern*, 136 F.R.D. at 72–73. A mere suggestion by parties of bad faith, absent clear evidence, is inconsistent with the narrow interpretation of 28 U.S.C. § 1927 that the Second Circuit requires. *Mone*, 774 F.2d at 574. It would be difficult to characterize defense counsel's conduct as vexatious and unreasonable, and certainly short of any threshold requiring the assessment of fees to the opposing party. Similarly, the Court finds that imposing sanctions on Avent and awarding of costs to defendants is not warranted.

## V. CONCLUSION

For the foregoing reasons, Avent's motions for appointment of counsel and for litigation expenses are **DENIED**. The request by defendants for costs and fees to defend the motion is also **DENIED**.